# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

NANNETTE BASA, an individual,

        Plaintiff,

  v.

BRAND SHARED SERVICES, LLC, a Delaware corporation,

        Defendant.

No. 2:21-cv-00754

**COMPLAINT AND JURY DEMAND**

COMES NOW the Plaintiff, NANNETTE, by and through her attorneys, and alleges as follows:

## I. PARTIES

1. Plaintiff resides in Snohomish County, Washington.

2. Defendant Brand Shared Services, LLC is a Delaware corporation doing business in Washington. Defendant does business as "BrandSafway".

## II. VENUE AND JURISDICTION

3. All acts and omissions occurred in Snohomish County, Washington. Therefore, the Western District of Washington at Seattle is the proper venue, pursuant to LCR 3(e)(1).

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this complaint contains civil actions arising under federal law (Section 1981 Civil

COMPLAINT - 1
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

Rights claim).  This Court also has supplemental subject matter jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

## II.  FACTUAL ALLEGATIONS

These factual allegations are not intended to be exhaustive in nature and are written solely to provide notice to the Defendants of the general nature of Plaintiff's claims.

5. Defendant employed Ms. Basa as a recruiter.  Before 2018, Defendant classified Ms. Basa as an independent contractor.  In 2018, Defendant hired Ms. Basa as a a full-time employee.  She also worked remotely from her home.

6. Ms. Basa reported to two different managers as an employee of Defendant:  Rod Broschinsky until October 2019, and then Karen Riapos until her termination.  Ms. Riapos was the Director of Talent Acquisition. Neither manager indicated anything negative about Ms. Basa's performance.

7. In approximately February 2020, Defendant hired two other recruiters in February 2020: Ryan Wilson and Nicole Norris.  Both were approximately 35 years old.  Both are white.  For some reason, Defendant paid both more than Ms. Basa.  Ms. Basa is 49 years old and is Filipina.

8. Defendant terminated Ms. Basa in December 2020, claiming that it needed to lay off some staff due to financial impacts of COVID-19.  However, soon after discharging Ms. Basa, BrandSafway hired additional staff, including another younger white male to work as a recruiter.

9. Ms. Basa's age was a substantial factor in the decision to terminate her employment. Ms. Basa' race was another substantial factor in that decision.  Alternatively, Ms. Basa's age and her race combined to serve as a substantial factor in that decision.

## III.   AGE DISCRIMINATION UNDER THE WASHINGTON LAW AGAINST DISCRIMINATION

10. Plaintiff re-alleges and incorporates by reference the above paragraphs.

COMPLAINT - 2
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

11. Plaintiff's age was a substantial factor in Defendant's decision to terminate her employment, in violation of RCW 49.60.180.

12. As a result of Defendant's unlawful conduct, Plaintiff has been damaged both emotionally and financially. Such damages include, but are not limited to, lost past and future wages and benefits, consequential damages, and damages as a result of emotional distress, in an amount to be proved at trial.

### IV.  RACE DISCRIMINATION UNDER THE WASHINGTON LAW AGAINST DISCRIMINATION

13. Plaintiff re-alleges and incorporates by reference the above paragraphs.

14. Plaintiff's race was a substantial factor in Defendant's decision to terminate her employment, in violation of RCW 49.60.180.

15. As a result of Defendant's unlawful conduct, Plaintiff has been damaged both emotionally and financially. Such damages include, but are not limited to, lost past and future wages and benefits, consequential damages, and damages as a result of emotional distress, in an amount to be proved at trial.

16. Alternatively, Plaintiff's age and her race were together a substantial factor in the termination decision by Defendant.

### V.  RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

17. Plaintiff re-alleges and incorporates by reference the above paragraphs.

18. Plaintiff's race was a factor in Defendant's decision to terminate her employment, in violation of 42 U.S.C. § 1981.

19. As a result of Defendant's unlawful conduct, Plaintiff has been damaged both emotionally and financially. Such damages include, but are not limited to, lost past and future wages and benefits, consequential damages, and damages as a result of emotional distress, in an amount to be proved at trial.

COMPLAINT - 3
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

## VI.  RELIEF REQUESTED

A. Plaintiff requests this court to find in favor of Plaintiff and against the Defendant on Plaintiff's causes of action and claims, in amounts to be proven at trial, with interest accruing thereon.

B. Plaintiff seeks general and special damages in amounts to be proven at trial, including damages for emotional distress, back pay, and front pay.

C. Plaintiff seeks punitive damages for her claim arising under 42 U.S.C. § 1981.

D. Plaintiff seeks reasonable attorney's fees and costs, including expert witness fees, whether statutory or equitable, to be assessed herein, as provided by RCW 49.60.030.

E. Injunctive relief as may be appropriate to make Plaintiff whole.

F. Plaintiff seeks such further and additional equitable and legal relief as the court deems just and equitable.

## VII.  JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

DATED: this 8th day of June, 2021:

LAW OFFICES OF ALEX J. HIGGINS

*s/Alex J. Higgins*
Alex J. Higgins, WSBA No. 20868

COMPLAINT - 4
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856