UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANNETTE BASA,<br><br>               Plaintiff,<br><br>    v.<br><br>BRAND SHARED SERVICES LLC,<br><br>               Defendant. | Case No. C21-0754-MLP<br><br>**ORDER SETTING TRIAL DATE AND PRETRIAL SCHEDULE** |

## INTRODUCTION

Having reviewed the Joint Status Report submitted by the parties (dkt. # 12), and the Reassignment on Consent by District Judge James L. Robart, the Court hereby sets this case for a jury trial and orders the following pretrial schedule:

| Event | Date |
|---|---|
| TRIAL to the JURY to begin at 9:00 a.m., in Courtroom 12A on: | 11/14/2022 |
| Deadline for joining additional parties | 10/22/2021 |
| Deadline for amended pleadings | 11/22/2021 |
| Reports of expert witnesses under FRCP 26(a)(2) due | 6/13/2022 |
| All motions related to discovery must be filed by this date and noted for consideration no later than the third Friday thereafter (see LCR7(d)) | 6/13/2022 |

ORDER SETTING TRIAL DATE AND PRETRIAL
SCHEDULE - 1

| Rebuttal expert disclosures under FRCP 26(a)(2) due | 7/15/2022 |
|---|---|
| Discovery to be completed by | 7/15/2022 |
| All dispositive motions and motions to exclude expert testimony for failure to satisfy *Daubert* must be filed pursuant to LCR 7(d) | 8/15/2022 |
| All motions *in limine* must be filed by this date and noted on the motion calendar no later than the third Friday after filing but no later than the Friday before the pretrial conference (*see* LCR 7(d)(4)) | 10/3/2022 |
| Agreed LCR 16.1 Pretrial Order due | 10/17/2022 |
| Trial briefs, proposed voir dire and jury instructions, and trial exhibits due.  See paragraph below regarding submission of exhibits | 10/31/2022 |
| Final Pretrial conference is scheduled at 1:30 p.m. in Courtroom 12A on: | 11/9/2022 |

The dates set forth in this order are firm dates that can be changed only by order of the Court, not by agreement of counsel for the parties. The Court will alter these dates only upon good cause shown. Failure to complete discovery within the time allowed is not recognized as good cause.

If the trial dates assigned to this matter creates an irreconcilable conflict, counsel must notify Tim Farrell, deputy clerk, in writing **within ten (10) days** of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

### PRONOUN USAGE

All are encouraged to let the Court know their pronouns either in the signature lines of pleadings, advising the in-court deputy clerk before the hearing begins, or orally advising the judge at a hearing.

ORDER SETTING TRIAL DATE AND PRETRIAL
SCHEDULE - 2

## APPEARING BEFORE THE COURT

The opportunity to appear and argue before the Court is valuable to becoming a competent and experienced lawyer. The Court encourages law firms and litigants to provide this opportunity to the widest variety of all counsel, including new lawyers, especially where these lawyers drafted or significantly contributed to motions and responses.

## MEET AND CONFER REQUIREMENT

For all cases, except applications for temporary restraining orders, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The Court construes this requirement strictly. Half-hearted attempts at compliance with this rule will not satisfy counsel's obligation.

The parties must discuss the substantive grounds for the motion and attempt to reach an accord that would eliminate the need for the motion. The Court strongly emphasizes that discussions of the substance of contemplated motions are to take place, if at all possible, in person. All motions must include a declaration by counsel briefly describing the parties' discussion and attempt to eliminate the need for the motion and the date of such discussion. Filings not in compliance with this rule may be stricken.

## COOPERATION

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are also directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as ordered below.

**EXHIBITS**

The original and two (2) copies of the trial exhibits are to be delivered to Judge Peterson's courtroom deputy, Tim Farrell, by 10/31/2022. Each exhibit shall be clearly marked. The Court hereby alters the LCR 16.1 procedure for numbering exhibits: Plaintiff's exhibits shall be numbered consecutively beginning with #1; Defendant's exhibits shall be numbered consecutively beginning with #101. Duplicate documents shall not be listed twice. Once a party has identified an exhibit in the pretrial order, it may be used by any party. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs.

**SETTLEMENT**

If this case settles, Plaintiff's counsel shall notify deputy clerk, Tim Farrell, at (206) 370-8422 or via e-mail at: Tim_Farrell@wawd.uscourts.gov, as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate. The Clerk is directed to send copies of this Order to all parties of record.

**CHAMBERS PROCEDURES**

Unless specifically noted otherwise, Judge Peterson follows the Court's Local Rules. Counsel are directed to consult the Local Rules for the Western District of Washington and the Federal Rules of Civil Procedure on all matters. Counsel are also expected to be familiar with Judge Peterson's Chambers Procedures, which are available on the Court's website.

DATED this 24th day of September, 2021.

*MJPeterson*

MICHELLE L. PETERSON
United States Magistrate Judge