The Honorable Michelle L. Peterson

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANNETTE BASA, an individual<br><br>Plaintiff,<br><br>v.<br><br>BRAND SHARED SERVICES, LLC, a Delaware corporation<br><br>Defendant. | Case No. 2:21-cv-00754 MLP<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND REQUEST FOR FEES PURSUANT TO FRCP 37<br><br>Hearing Noted: September 9, 2022 |

## I.   INTRODUCTION

Defendant Brand Shared Services, LLC's ("Brand") moves to prevent the deposition of a witness with first-hand knowledge of the events.  Brand's motion fails to inform the court of the following critical facts:  (a) that Brand identified Meg Newman in its Initial Disclosures as a person with first-hand knowledge; (b) that Brand's internal emails demonstrate that the decision to terminate Plaintiff was specifically discussed with Newman, and (c) that Newman and Basa had direct communications about Basa's work and future at Brand shortly before she was laid off.  Brand's motion is not supported by case law or common sense. Brand attempts to thwart Plaintiff's ability to efficiently take discovery.  Brand's motion be denied and attorneys' fees should be awarded to Plaintiff pursuant to FRCP 37.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER – Page 1
Case No. 2:21-cv-00754 MLP

Law Offices of Alex J. Higgins
2200 6th Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

## II.    FACTUAL BACKGROUND

**A.    Basa was a recruiter for Defendant for many years.**

Basa is a Filipina-American who worked in recruiting (i.e., talent acquisition) for Brand from 2015-2020.  For several years, Basa was the only fulltime recruiter at Brand. (Basa Decl. ¶ 2.)

In late 2019, Karen Riapos became Basa's manager.  In early 2020, Riapos decided to add to the recruiting team by hiring two new recruiters: Ryan Wilson and Nicole Norris—both of whom are younger than Basa and are white.  Contrary to Brand's own compliance guidance, Riapos did not post either job or consider any other candidates.  (Riapos Dep. 57:7-20.)[1]  She simply hand-picked two people she liked.

In 2020, Basa continued to work on a large project to transition Brand's contingent labor (or temporary worker) management into a software management system called VNDLY.  (Basa Decl. ¶ 4.) In addition to this large project, Basa also continued to work on other recruiting tasks.  (*Id*.). The new hires also did recruiting.

**B.    Defendant laid off Basa, retained the new hires and added another younger white recruiter.**

In December 2020, Brand laid off Basa.  At the same time, Brand retained both Wilson and Norris—the younger, less experienced white recruiters.  At the same time, Brand hired younger white man to work as a recruiter (although Brand labeled this new recruiter as an independent contractor).[2]  (Higgins Ex. 2.) Basa was not offered any work in any capacity.

Basa has learned through discovery that Brand did not have use objective criteria to decide who would be laid off and who would be retained as recruiters.  Riapos testified that she decided to select Basa for layoff because she was working on the VNDLY project and

---

[1] Excerpts of Riapos's deposition relied upon in this brief are attached to the Decl. of Alex Higgins as Exhibit 1.
[2] Notably, Brand was arranging an interview with this contract recruiter on the very same day as Basa was informed of her lay off—December 8, 2020. (Higgins Ex. 2, p. 3; Ex. 3.)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER – Page 2
Case No. 2:21-cv-00754 MLP

Law Offices of Alex J. Higgins
2200 6th Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

that Basa had allegedly told her that she did not want to do recruiting. (Riapos Dep. 97:20-98:2; *see also* Higgins Ex. 4 (Answer to Interrogatory No. 6).) Basa adamantly denies that she said that, nor would that comment make any sense since she had always continued to do recruiting (and she is currently employed as a recruiter). (Basa Decl. ¶ 5.) Riapos made no effort to document Basa's alleged desire not to do recruiting. (But in an email to Meg Newman, Riapos reported that Nicole Norris—one of the new hires—had stated a preference not to do recruiting full time. (The exhibit containing this reference is cited in more detail below.)

C.  **Before the layoff, Newman has several meetings about Basa and her future.**

Brand produced an email showing that Riapos met with Newman in July 2020 and discussed the plan to terminate Basa. This same emails shows that Norris told Riapos that she did not want to do recruiting full-time. (Higgins Ex. 5.) Below is the email to Newman:

> **Meg/Karen 1:1**
> Tuesday, July 21, 2020
> 3:00 PM
>
> **Team**
> - TA Hiring Needs:
>   - TA Operations Manager - Kristen and Myria are not interested at this time
>     - Posted and actively recruiting for a TA Ops Mgr
>   - Contract Recruiter (Kennesaw)
>     - Low quality candidates so far; have a few people Nicole has referred that may do a temp-to-perm
> - Ryan Wilson
>   - Updates: ▮▮▮▮▮▮▮▮▮▮▮▮▮
>   - ▮▮▮▮▮▮▮▮▮▮▮▮▮
> - Nannette Basa
>   - Once we have the MSP confirmed and working with VNDLY we will let Nannette go
> - Nicole Norris
>   - She is fine doing recruiting but does not want to do this FT
>   - Her strength/interest is in the initiatives and managing of people
>     - Have her manage new recruiters as they come onboard
>     - Continue to be the E&I lead and C&I until Ryan returns

(Higgins Ex. 5) (excerpted). This document shows that Riapos talked to Newman about the decision to "let go" Plaintiff but retain Norris.[3] Basa is entitled to ask questions about that.

---

[3] At this time, Newman was the direct manager of Riapos who, in turn, was Basa's direct manager. (Higgins Ex. 6 (Brand's "HR Org Chart" as of August 11, 2020).)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER – Page 3
Case No. 2:21-cv-00754 MLP

Law Offices of Alex J. Higgins
2200 6th Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

Notably, Brand failed to bring this document to the Court's attention—despite its focus during counsel's discovery conference. (Higgins Decl. ¶ 5.)

Two months later, Basa had several direct conversations with Newman about her future at Brand. (Basa Decl. ¶¶ 6-7; Higgins Ex. 7.) Basa followed up with Newman by email after a "listening session":

> From: Basa, Nannette <nbasa@brandsafway.com>
> Sent: Monday, September 21, 2020 2:26 PM
> To: Newman, Meg <mnewman@brandsafway.com>
> Subject: Thank you for session
>
> Hi Meg,
> I wanted a chance to speak to you further about VNDLY and the contingent labor program. Please let me know when you have time. The program is continued to expand and evolve and although I understand there is plans to bring in an MSP-I am not included in the scope of the MSP nor what plans are for me in the future.

(Higgins Ex. 7) (excerpted). Basa had concerns about the incoming MSP and the uncertainty over her role once that happens. (*Id*.) Newman replied to Basa, assuring her they would find time to talk together about her concerns:

> From: Newman, Meg
> Sent: Tuesday, September 22, 2020 8:47 PM
> To: Basa, Nannette <nbasa@brandsafway.com>
> Subject: RE: Thank you for session
>
> Hi Nannette,
>
> Thanks so much for reaching out. I will find time for us to talk through your concerns.

(*Id*.) Newman next forwarded the thread to Riapos, telling her that Newman was having a call with Basa later that week, and asking her for insights about what was happening with the MSP and Basa. (*Id*.) Riapos responded by assuring Newman that she planned to use Basa as the point person for the new vendor (MSP) who would be managing VNDLY. (*Id*.)

D. **Newman has knowledge of Brand's HR Practices.**

Riapos testified that Brand requires managers to publicly post jobs in order to comply with equal opportunity outreach. (Riapos Dep. 56:16-57:6.) When Riapos hired Nicole Norris and Ryan Wilson (the two white employees retained over Basa), she did not post either position. (Riapos Dep. 57:7-20.)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER – Page 4
Case No. 2:21-cv-00754 MLP

Law Offices of Alex J. Higgins
2200 6th Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

1   Plaintiff has other topics about which to question Newman, including whether Brand used its typical practice with Basa or whether it deviated. Plaintiff should not, however, be forced to reveal all of its potential questions to defense counsel before the deposition takes place. (Plaintiff hopes to reserve some element of surprise at a deposition.)

Brand's motion is undermined by its own admission set forth in its Initial Disclosures that Newman as one of only <u>eight</u> witnesses with relevant knowledge:

| Meg Newman | Executive Vice President and Chief People Officer | Ms. Newman may have general information regarding Plaintiff's employment with Defendant. Ms. Newman may have information regarding Defendant's policies and procedures, and human resources practices. Ms. Newman is an employee of Defendant and may be contacted only through counsel. |

(Higgins Ex. 8 (Brand's FRCP 26 disclosures).)

Based on all of this evidence, Basa's counsel made a decision to depose her. This was not the client's decision nor did she drive that decision due to any animus toward Newman.

### III.   ARGUMENT

Brand's motion is baseless for several reasons. First, Brand identified Newman as a witness. That should end the inquiry. Yet several other reasons demonstrate more fully that Brand's motion is, frankly, absurd. Newman was involved in discussions about Basa and with Basa about her job and her future at Brand.[4]

As the case law cited by Brand makes clear, it has a "heavy burden" to justify denial of discovery. *See Apple Inc. v. Samsung Elecs. Co. Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012). Brand's arguments do not come close to meeting that.

As one federal district court explains: "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would

---

[4] Brand's failure to inform the court that it had identified Newman as a witness in its FRCP 26 initial disclosures is a glaring omission and suggests a lack of candor to the tribunal. Plaintiff's counsel does not lightly make such an assertion.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER – Page 5
Case No. 2:21-cv-00754 MLP

Law Offices of Alex J. Higgins
2200 6th Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (citing 4 J. Moore & J. Lucas, Moore's Federal Practice P.26.69 (3d ed. 1976) and 8 C. Wright & A. Miller, Federal Practice & Procedure § 2037 (1970)).

Returning to the *Apple* case relied on by Brand, "[w]hen a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Apple, Inc.*, 282 F.R.D. at 263 (citing *WebSideStory, Inc. v. NetRatings, Inc.*, 06CV408 WQH (AJB), 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007)). A "claimed lack of knowledge" by the executive is not sufficient to justify blocking his or her deposition. *See, e.g.*, *In Re Rainwater*, No. 1:18-MC-10051-EJL, 2018 WL 2088736, at *1, *4 (D. Idaho May 4, 2018) (denying motion to quash a deposition subpoena to a non-party witness despite the witness's sworn declaration attesting to a complete lack of relevant knowledge).

When considering whether the party resisting discovery has met its burden, courts examine "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Id.* (quoting *In re Google Litig.*, C 08-03172 RMW (PSG), 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011)). However, at no point does the burden shift to the requesting party to justify discovery. *In re Garlock*, 463 F. Supp. 2d 478, 481 (S.D.N.Y. 2006) ("We begin with the proposition that plaintiffs have no burden to show that the deponents have any relevant knowledge."); *accord In re Google Litig.*, 2011 WL 4985279, at *2 (emphasizing the "heavy burden" on the party resisting discovery).

Further, a court should limit discovery under Rule 26(c)(1) only "for good cause" when the party seeking a protective order meets its burden of "demonstrating harm or prejudice that will result from the discovery." *Apple Inc. v. Samsung Elecs. Co. Ltd*, 282 F.R.D. 259, 262–63 (N.D. Cal. 2012) (citing *Rivera v. NIBCO Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004)). When the discovery sought involves the deposition of a high-level executive,

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER – Page 6
Case No. 2:21-cv-00754 MLP

Law Offices of Alex J. Higgins
2200 6th Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

courts have the discretion to limit discovery where the information can be obtained in a less burdensome manner. *Id.* at 263.

Here, Brand asserts that a deposition of Newman serves no purpose because Newman claims that she had no role in the ultimate decision to terminate Basa's employment. Plaintiff is entitled to ask about Newman's meetings with Riapos about Plaintiff where we know from the email the topic was on the agenda. What was said by Riapos to justify the decision? What did Newman think about the decision?

Further, Brand's own words reveal another topic of questioning for Newman: "Ms. Newman may have information regarding Defendant's policies and procedures, and human resources practices." (Higgins Ex. 8.)

Riapos's deposition already revealed a failure to adhere to best practices and policies regarding hiring and documentation. Basa is entitled to depose the leader of Brand's human resources department regarding its relevant policies and how those policies are typically applied, as such testimony is relevant as whether Brand's purported justifications are pretext. *See, e.g.*, *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 854 (8th Cir. 2012) (pretext may be shown where employer failed to follow its own policies).

Brand accuses Basa of noting Newman's deposition only to harass her, which is offensive. Rather than challenging the integrity and motivations of Plaintiff's counsel, Brand should have addressed (and honestly disclosed) the actual evidence showing that Newman has relevant knowledge. Brand's position with regards to Newman only seemed to change *after* Basa complied with Brand's discovery requests and produced all of her relevant text messages, and Brand decided it could weaponized the texts against her.[5] The fact that Basa may have vented in a text message about someone that she believed to be responsible for a

---

[5] On the other hand, Brand has yet to produce a single text message in response to Basa's document production requests. (Higgins Decl. ¶ 8.)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER – Page 7
Case No. 2:21-cv-00754 MLP

Law Offices of Alex J. Higgins
2200 6th Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

termination that she felt was motivated by her race and age should not stop her attorneys from having a deposition.

While high-ranking corporate officials may be excused from being deposed in some situations, this protection does not serve as a blanket bar to depositions of such officials. Where, as here, a senior official possesses relevant personal knowledge that is not more readily available from other sources, a protective order is not warranted and a deposition is undoubtedly appropriate. The cases relied upon by Brand are unhelpful. *Lewelling v. Farmer Ins. of Columbus*, 879 F.2d 212 (6th Cir. 1989) (Motion at 9) gives only a cursory description of the facts and absolutely no "apex" witness analysis. *Id*. at 218. Likewise, Brand's reliance on *Apple Inc. v. Samsung Elecs.* (Motion at 10) is actually supportive of Plaintiff's opposition. Apple filed a motion to compel the depositions of six high level Samsung executives. The *Apple Inc.* court granted Apple's motion with regards to <u>five of the six</u> executives despite them all being very near the "apex" of a very large "corporate mountain range", and ordered the executives be produced for depositions. In the present case, while Newman may be at the "apex" of human resources, that is a "foothill" at most.[6] Newman states that she presently oversees 244 human resources employees, (Dkt. #23 (Newman Decl.) ¶ 2), which is a relatively small number.[7]

---

[6] Notably, Newman's declaration makes no mention of the burden that she (or Brand) would incur as a result of a deposition. (*See generally* Dkt. #23 (Decl. of Meg Newman in Support of Defs.' Mot. for Protective Order.)) However, even if Newman had attempted to make such an assertion, that does not bar Basa from taking her deposition when Newman possesses relevant knowledge of the claims and Brand's affirmative defenses. *See Haggarty*, 2012 WL 3939320, at *1 ("A proposed deponent's status as 'a busy, high-ranking executive' is not itself sufficient to justify a protective order." (quoting *Hardin v. Wal-Mart Stores, Inc.*, No. 08-CV-0617 AWI BAM, 2011 WL 6758857, at *2 (E.D. Cal. Dec. 22, 2011))).

[7] According to online sources, Brand has over 38,000 employees, which means that Newman oversees less than one percent of its workforce. https://www.bicmagazine.com/magazine/dave-witsken-of-brandsafway/ (Dec. 2, 2019; visited September 1, 2022) ("Our more than 38,000 associates…")

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER – Page 8
Case No. 2:21-cv-00754 MLP

Law Offices of Alex J. Higgins
2200 6th Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

At least one court in the Western District of Washington agrees that the Apex doctrine has no application where an executive has "first-hand knowledge." *Curevo, Inc. v. Choe*, No. 2:19-cv-572-RSL, slip op. at 2-3 (W.D. Wash. Apr. 27, 2020) (copy attached).

If the Court agrees that this Motion should be denied, Brand should pay for Plaintiff's attorneys fees on this issue. The applicable rule requires consideration of whether Brand's arguments were "substantially justified," or whether "other circumstances make an award of expenses unjust." FRCP 37(a)(4)(B). Authority from this district shows that this standard is less than "bad faith." *Wright v. Fred Hutchinson Cancer Rsch. Ctr.*, No. C01-5217L, 2002 WL 1040980, at *1 (W.D. Wash. May 8, 2002) (Lasnik, J.). The present motion was not substantially justified and is marred by Defendant's failure to even disclose the relevant facts and documents to the court. Further, the motion is not supported by applicable authority because, unlike the cases cited by Defendant, this witness (Newman) clearly has first-hand knowledge.

### IV.   CONCLUSION

Brand's motion is entirely without merit. Plaintiff requests her attorneys' fees and an order requiring Defendant to make Newman available within one week of the Order (even if that falls after the discovery cutoff of September 30).

DATED this 7th day of September, 2022.

LAW OFFICES OF ALEX J. HIGGINS

*s/Alex J. Higgins*
Alex J. Higgins, WSBA No. 20868

BEAN LAW GROUP

*s/Cody Fenton-Robertson*
Cody Fenton-Robertson, WSBA No. 47879

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER – Page 9
Case No. 2:21-cv-00754 MLP

Law Offices of Alex J. Higgins
2200 6th Ave, Suite 500
Seattle, WA 98121
(206) 340-4856