The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANNETTE BASA, | ) |
| Plaintiff, | ) Case No. 2:21-cv-00754-MLP |
| vs. | ) |
| BRAND SHARED SERVICES, LLC, a Delaware corporation, | ) DECLARATION OF NANNETTE BASA IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER |
| Defendant. | ) |

I, Nannette Basa, I am over the age of 18, have personal knowledge of the matters set forth in this declaration, and am otherwise competent to testify.  I make the following declaration under penalty of perjury under the laws of the United States, and declare that the following is true and correct:

1. I am Filipina-American and 50 years old.

2. I began working in recruiting/talent acquisition for Brand Safway in 2015.  For several years, I was the only fulltime recruiter at Brand.

3. In late 2019, Karen Riapos became my manager.  In early 2020, she hired two additional fulltime recruiters: Ryan Wilson and Nicole Norris (both of whom are younger than me and are white).  Because, in my role, I had eyes on the talent acquisition work flow, I personally saw that Karen never publically posted the recruiter roles or considered any other applicants.

DECLARATION OF BASA - 1
Case No. 2:21-v-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

4. In 2019, prior to even Karen's arrival, I was managing a project to transition Brand's contingent labor (or temporary worker) management into a software management system called VNDLY. This was a very large project that I was tackling while I also continued to work on other recruiting tasks. When Karen and then Ryan and Nicole joined the talent acquisition team, I was able to focus more on the VNDLY project (though I still did some amount of recruiting).

5. During this litigation, I have learned that Brand and Karen have asserted that I said that I did not want to do recruiting. That is absolutely false. I never said that, nor would that comment make any sense as I had always continued to do recruiting. In fact, I am currently employed as a recruiter.

6. On several occasions, I had conversations with Meg Newman about my future at Brand. I can recall a particular specific example where I had been part of a "listening session" with Meg and several other HR employees. During that session, I brought up some concerns to Meg and she told me to follow up with her after the group session. I did just that and we arranged a time to talk on the phone one-on-one about my future at the company. She assured that I had a continued role at the company—even with the MSP coming into the fold. It was a ten to fifteen-minute call. One of the result of that call was that a meeting was scheduled with myself, Meg, Karen and Rod Broschinsky regarding VNDLY related cost savings.

7. I recall another phone call in September 2019—when I was still the only person in Brand's talent acquisition team—as Meg was new to the company and trying to get to know the various teams that she was now leading. She asked me about talent acquisition we discussed my future and the future of talent acquisition at Brand.

DATED: this date: ___09/06/2022___, in Seattle, Washington.

*Nanette Basa*
_____
Nannette Basa

DECLARATION OF BASA - 2
Case No. 2:21-v-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 340-4856