1

HONORABLE MICHELLE PETERSON

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8  NANNETTE BASA, an individual,

Case No. 2:21-cv-00754 JLR

9            Plaintiff,

10      v.

11  BRAND SHARED SERVICES, LLC, a
Delaware corporation,

12            Defendant.

13

14

DEFENDANT BRAND SHARED
SERVICES, LLC'S REPLY IN SUPPORT
OF ITS MOTION FOR PROTECTIVE
ORDER QUASHING DEPOSITION OF
MEG NEWMAN

**HEARING DATE:**
**FRIDAY, SEPTEMBER 9, 2022**

*LCR 26(c) Discovery Conference*
*Conducted on August 22, 2022*

15

16

**BRAND'S MOTION FOR A PROTECTIVE ORDER SHOULD BE GRANTED**

17

**A.      Plaintiff's Own Response Supports Quashing Meg Newman's Deposition.**

18      Remarkably, Plaintiff's response confirms the exigent need to quash Meg Newman's

19  deposition.  Plaintiff's response boils down to three arguments, which are each addressed below.

20      First, Plaintiff can only specifically recall <u>two</u> times that she spoke with Ms. Newman in

21  the entire time they both worked at Brand: (i) an introductory call in September 2019 (when Ms.

22  Newman first joined the company); and (ii) a 10-15 call that occurred after a town-hall-style

23  meeting (i.e., "listening session") in which Plaintiff expressed concerns about her future at the

24  company based on the fact that the work she was doing would soon no longer be necessary.

25

26

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE
ORDER QUASHING DEPOSITION OF MEG NEWMAN- 1
(CAUSE NO. 2:2-CV-00754 JLR)

*Declaration of Nannette Basa in Support of Plaintiff's Opposition to Defendant's Motion for Protective Order* ("*Basa Decl.*") ¶¶ 6-7; *Declaration of Alex J. Higgins in Support of Plaintiff's Opposition to Defendant's Motion for Protective Order* ("*Higgins Decl.*"), Ex. 7.

This is entirely consistent with the evidence Brand provided in support of its motion: Ms. Newman is a C-suite executive who only had a couple of cursory interactions with Plaintiff. *Declaration of Meg Newman in Support of Defendant's Motion for Protective Order Quashing Deposition of Meg Newman* ("*Newman Decl.*") ¶¶ 2-4.  Ms. Newman oversaw a department of 244 people and was located in Georgia.  *Id.*  She did not manage Plaintiff (who worked remotely in Seattle), nor did she have any reason to communicate with Plaintiff on any consistent basis. *Id.*  As Plaintiff herself admits, she and Ms. Newman did not really know each other. *Declaration of Emma Kazaryan in Support of Defendant's Motion for Protective Order Quashing Deposition of Meg Newman* ("*Kazaryan Decl.*"), ¶ 15, Ex. I (excerpt from Plaintiff's deposition: "If you are asking if I like Meg [Newman] or not, I -- there wasn't even time for me to get to know her or her approach to get to know me.").

Further, Ms. Newman did not make the decision to select Plaintiff for the layoff in December 2020: the decision was made by Karen Riapos and Michelle Roman.  *Newman Decl.* ¶ 5; *Kazaryan Decl.* ¶ 11, Ex. F (Brand's discovery responses unequivocally stating that Ms. Riapos and Ms. Roman made the decision to terminate Plaintiff's employment); *Kazaryan Decl.* ¶ 12, Ex. G (Ms. Riapos's deposition testimony that she and Ms. Roman made the decision to terminate Plaintiff's employment).  Ms. Newman's testimony is simply unnecessary to explore why or how Plaintiff was identified for layoff.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER QUASHING DEPOSITION OF MEG NEWMAN - 2 (CAUSE NO. 2:21-CV-00754 JLR)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

Second, the emails referenced in Plaintiff's response demonstrate exactly what Brand said in its motion: Ms. Newman does not have unique, first-hand, non-repetitive knowledge of the issues in this case.  Plaintiff relies on only two emails (out of tens of thousands produced) in which Ms. Newman was a recipient.  Both are from Plaintiff's former supervisor, Karen Riapos, and both demonstrate that Ms. Riapos needed to relay information to Ms. Newman (who did not have direct knowledge about Plaintiff or the scope of her work).  *Higgins Decl.*, Exs. 5, 7.  In one of the emails, Ms. Newman directly asks Ms. Riapos to assist with Plaintiff's inquiry (the second meeting referenced above) about Plaintiff's future at Brand.[1]  *Higgins Decl.*, Ex. 7.

The other email is a status update from Ms. Riapos to Ms. Newman about a wide array of topics.  *Higgins Decl.*, Ex. 5.  As Brand's counsel reminded Plaintiff's counsel in the discovery conference that preceded this motion, Ms. Riapos testified about this very same email at her deposition and made clear that the sum-and-substance of the discussion was her relaying information to Ms. Newman. *Kazaryan Decl.*, Ex. M.

Third, although Plaintiff is correct that Brand identified Ms. Newman in its initial disclosures at the outset of litigation, Brand wrote that Ms. Newman "*may* have general information…" *Higgins Decl*., Ex. 8 (emphasis added).  Brand did not unequivocally state that Ms. Newman *does* have specific information.  *Id*.  As this case unfolded, and after many months of intense discovery, it became clear that Ms. Newman **does not** have unique, first-hand, non-repetitive knowledge of the issues in this case.  Notably, in discovery, Brand did not identify Ms. Newman as a person responsible for selecting Plaintiff for the December 2020 layoff.

---

[1] Notably, this is related to the "listening session" discussed *supra*.  The interactions between Plaintiff and Ms. Newman are even fewer and less substantive than they may seem.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER QUASHING DEPOSITION OF MEG NEWMAN - 3 (CAUSE NO. 2:21-CV-00754 JLR)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

*Kazaryan Decl.*, ¶ 11, Ex. F.  Brand should not be penalized for preparing a comprehensive initial disclosure that erred on the side of being inclusive.

### B.     This Deposition is Calculated to Harass or Annoy Ms. Newman and Brand.

During the discovery conference that preceded this motion, and in detailed email correspondence that followed, Brand's counsel meticulously laid out why it is inappropriate to hale Ms. Newman into a deposition in this case.  Notably, all of the proffered reasons are uncontroverted:

- Ms. Newman is a senior C-suite executive who never met Ms. Basa in person and was always at least two reporting levels removed from Ms. Basa;[2]

- Plaintiff and Ms. Newman do not really know each other and only had a few cursory interactions by virtue of the fact that Ms. Newman oversaw the entire 244-person department that Plaintiff was part of;[3,4,5]

- Ms. Riapos and Ms. Roman – not Ms. Newman – made the decision to terminate Ms. Basa's employment;[6,7,8]

- Ms. Newman's name has not come up in the substantive discussions about why Plaintiff was selected for layoff; and

- Ms. Newman does not have unique, first-hand, non-repetitive knowledge of the issues in this case.

---

[2] *Newman Decl.* ¶¶ 2-3
[3] *Newman Decl.* ¶ 4
[4] Excerpt from Plaintiff's deposition: "If you are asking if I like Meg [Newman] or not, I -- there wasn't even time for me to get to know her or her approach to get to know me."  *Kazaryan Decl.* ¶ 15, Ex. I.
[5] *Basa Decl.* ¶¶ 6-7
[6] *Newman Decl.* ¶ 5
[7] *Kazaryan Decl.* ¶ 11, Ex. F (Brand's discovery responses unequivocally stating that Ms. Riapos and Ms. Roman made the decision to terminate Plaintiff's employment)
[8] *Kazaryan Decl.* ¶ 12, Ex. G (Ms. Riapos's deposition testimony that she and Ms. Roman made the decision to terminate Plaintiff's employment)

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE
ORDER QUASHING DEPOSITION OF MEG NEWMAN - 4
(CAUSE NO. 2:21-CV-00754 JLR)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

Further, in the meet-and-confer that preceded this motion and the email correspondence that followed, Brand's counsel addressed the counterpoints raised by Plaintiff's counsel in detail. See *Kazaryan Decl.*, Ex. M.

Yet either Plaintiff or her counsel (or both) refuse to listen to logic and reason and insist on forcing Ms. Newman to attend an unnecessary deposition. In a case where Plaintiff's discovery has already eclipsed the value of her claims, the insistence on deposing Ms. Newman absolutely appears calculated to harass, burden, annoy, and drive up defense costs rather than uncover relevant evidence.

### C. Plaintiff's Request for Fees Should be Denied.

Under CR 37(a)(5)(B), "the [C]ourt must not order [fees] if the motion was substantially justified or other circumstances make an award of expenses unjust."

Even if the Court is persuaded that Ms. Newman should be deposed in this case, Brand should not be required to pay Plaintiff's fees to defend the motion for a protective order because Brand's motion was substantially justified. As demonstrated by Brand's motion and this reply, and the detailed discovery conference that preceded the motion, the motion is grounded in law and fact.

Further, Brand makes this discovery motion with adequate consideration. In the course of discovery, Plaintiff's counsel has battered Brand with five sets of interrogatories and requests for production, at least eight depositions of Brand and its former employees (and Plaintiff's counsel is seeking a ninth), and has requested numerous discovery conferences. *Reply Declaration of Emma Kazaryan in Support of Defendant's Motion for Protective Order Quashing Deposition of Meg Newman* ("*Reply Decl.*"), ¶¶ 2-4. Brand has cooperated with each

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER QUASHING DEPOSITION OF MEG NEWMAN - 5 (CAUSE NO. 2:21-CV-00754 JLR)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

request:

- Brand has produced tens of thousands of pages of documents (even though the large majority of the documents sought were irrelevant);[9]

- Brand has duly answered Plaintiff's numerous and often repetitive interrogatories; [9]

- Brand has produced (or intends to produce) each of the other deponents sought by Plaintiff that are within Brand's control; [9] and

- Brand's counsel has quickly responded to and cooperated with every single request for a discovery conference.[9]

This is not a party trying to evade reasonable discovery.[10]  This motion is more than substantially justified based on the level of discovery produced and fees should not be awarded against Brand.

### D.    Ms. Newman's Deposition Should be Quashed.

For all of the foregoing reasons, as well as those set forth in Brand's original motion, Brand respectfully requests that this Court grant it motion for a protective order and quash Plaintiff's request for a deposition of Meg Newman.

DATED this 9th day of September, 2022.

SEYFARTH SHAW LLP

By:  *s/ Emma Kazaryan*
    Helen M. McFarland, WSBA No. 51012
    Emma Kazaryan, WSBA No. 49885
    999 3rd Avenue, Ste. 4700
    Seattle, WA 98104
    P: (206) 946-9423
    F: (206) 299-9974
    hmcfarland@seyfarth.com
    ekazaryan@seyfarth.com

*Attorneys for Brand Shared Services, LLC*

---

[9] *Kazaryan Decl*. ¶¶ 7-9; *Reply Decl*. ¶¶ 3-4.
[10] Though Plaintiff's discovery demands have **not** been reasonable and have already exacted undue burden and expense on Brand.

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE
ORDER QUASHING DEPOSITION OF MEG NEWMAN - 6
(CAUSE NO. 2:21-CV-00754 JLR)

1

## CERTIFICATE OF SERVICE

2

I hereby declare that on this 9th day of September, 2022, I caused a copy of *Defendant*

3

*Brand Shared Services, LLC's Reply in Support of Motion for Protective Order Quashing*

4

*Deposition of Meg Newman* to be electronically filed with the Court using ECF-Filing system

5

6
which will send notification of such filing to the following:

7
Alexander J. Higgins
Law Offices of Alex J. Higgins

8
2200 6th Avenue, Ste. 500
Seattle, WA 98121

9
P: (206) 340-4856

10
alex@alexjhiggins.com

11
Cody Fenton- Robertson
Bean Law Group

12
2200 6th Avenue, Ste. 500
Seattle, WA 98121

13
P: (206) 5220618

14
cody@beanlawgroup.com

15
                                        *s/Valerie Macan*

16
                                         Valerie Macan

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE
ORDER QUASHING DEPOSITION OF MEG NEWMAN - 7
(CAUSE NO. 2:21-CV-00754 JLR)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910