The Honorable Michelle L. Peterson
Noted for Friday, October 7, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NANNETTE BASA,<br><br>        Plaintiff,<br><br>  v.<br><br>BRAND SHARED SERVICES, LLC,<br><br>        Defendant. | No. 2:21-cv-00754-MLP<br><br>DECLARATION OF ALEX J. HIGGINS IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS |

I, Alex J. Higgins, am one of the attorneys for the plaintiff in the above-entitled matter. I am over the age of 18 and am competent to testify regarding the matters discussed below. I make this declaration based upon personal knowledge. I swear that the following is true and correct under the penalty of perjury.

1. Attached as **Exhibit 1** is a copy of a letter sent to Brand on January 6, 2021, by my client's initial counsel, George Tamblyn.

2. Attached as **Exhibit 2** is a copy of a letter I sent to Brand on April 15, 2021. In the letter, I detailed my client's claims against Brand and identified some of the key players.

3. On October 28, 2021, we served Plaintiff's first set of discovery requests on Brand. The answers and objections were produced on December 27, 2021, and then further supplemented on January 14, 2022. Attached as **Exhibit 3** is Brand's set of supplemental answers to Plaintiff's first set of discovery requests (excerpted to include only those relevant to

DECLARATION OF ALEX J. HIGGINS - 1
2:21-cv-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

1  this motion). Brand did not raise any specific objections to producing text messages. No text
2  messages were produced in response to that set of discovery requests. (In fact, very few emails
3  were produced as well, which required follow up.)

4        4.      On April 5, 2022, having received very few documents in response to our first
5  set of discovery requests, we sent a second set of requests to Brand with a broader request for
6  communications. On April 18, the parties held a discovery conference call to discuss this
7  second set of requests. Brand's counsel raised concerns about the scope of the requests in
8  terms of the period of time, the number of custodians, and the search terms. Brand did not
9  raise any concern with the request for text messages or other electronic communications.
10 Brand sent its answers and objections on May 6, 2022, and again made no specific objection to
11 producing text messages. Attached as **Exhibit 4** is Brand's set of answers to Plaintiff's second
12 set of discovery requests (excerpted to include only the requests and answers relevant to this
13 motion). No text messages were produced in response to that set of discovery requests.

14       5.      The key players in this case are Karen Riapos (Director of Talent Acquisition,
15 Plaintiff's supervisor at the time of her layoff, and a decisionmaker), Michelle Roman (VP of
16 HR and a decisionmaker), Ryan Wilson and Nicole Norris (recruiters hired by Riapos less than
17 a year before Plaintiff's layoff who were retained over her), Rod Broschinsky (VP of HR and
18 Plaintiff's supervisor for several years prior to Riapos assuming that role) and Meg Newman
19 (Chief People Officer and Plaintiff's second level supervisor at the time of her layoff).

20       5.      Attached as **Exhibit 5** is a copy of the relevant portions of Karen Riapos's
21 deposition. Attached as **Exhibit 6** is a copy of the relevant portions of Michelle Roman's
22 deposition.

23       6.      During Karen Riapos's deposition on June 3, 2022, we learned for the first time
24 that she had a Company-issued iPhone that she used for work and that it had never been
25 searched by Riapos for responsive text messages. Following that deposition, we asked for
26 FRCP 37 conference to discuss the absence of text messages in Brand's production. On June
27

DECLARATION OF ALEX J. HIGGINS - 2
2:21-cv-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

10, Brand's counsel represented that a search for text messages was conducted, but that she would double check to make sure there was nothing that was missed. On June 21, I followed up with counsel about her search for text messages. She replied the same day that no responsive text messages existed. Attached as **Exhibit 7** is a copy of that email exchange.

7. In September, we took the depositions of Michelle Roman, Ryan Wilson, Roald Richards, Rod Broschinsky, and Daniel McDaniels. All five testified that they had Company-issued phones that they used for work, but that that they had never been asked to provide the phone to counsel or anyone else for a search of responsive text messages. Only Michelle Roman indicated that she searched herself for text messages. (Notably, she testified that she found responsive messages but we have never received those from Brand's counsel). Broschinsky testified that he regularly used his phone to send text messages relating to work and that he likely sent messages to people about Plaintiff. He further testified that he returned that phone to Brand in October 2021, as his employment with Brand ended around that time, and he did not know what happened to his text messages after that. Additionally, Broschinsky testified that he kept a "supervisory file" containing notes of discussions with Plaintiff and performance evaluations; that he was never asked to turn over that file in discovery; and that he believes he returned to Brand when his employment ended. (We do not have a copy of his transcript yet, but this is my best recollection of his testimony.)

8. We know that a search of Broschinsky's phone would have returned responsive text messages because our client had preserved her own text messages with Broschinsky's Company-issued phone on her personal phone. Attached as **Exhibit 8** are a few of the pages of text messages produced by Plaintiff. In light of Brand's representation that no responsive messages exist, the only conclusion we could draw was that, at a minimum, Broschinsky's text messages were lost or destroyed. (Notably, Broschinsky's texts with Plaintiff were very casual—even borderline inappropriate; by contrast, his emails produced in discovery were professional and business-like.)

DECLARATION OF ALEX J. HIGGINS - 3
2:21-cv-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA  98121
(206) 340-4856

9. In light of this apparent spoliation, we drafted and sent a notice of FRCP 30(b)(6) deposition to Brand seeking information about Brand's document retention policies and practices, as well as what steps were taken to preserve ESI in the present case. The notice was sent on August 17, 2022, with a deposition noted for September 20. I emailed several reminders about this deposition and even had discussions with defense counsel about the order of topics for that deposition. However, three business days before the deposition, Brand informed us that it would not produce <u>any</u> representative on September 20, but did not explain why and did not offer any alternative dates. On September 20—the date the deposition was supposed to be taken—Defendant served formal objections to the 30(b)(6) deposition for the very first time. We still have not received a new proposed date from Brand's counsel.

10. In response to Brand's discovery requests, our client has produced 384 pages of text messages with 25 different contacts. Included in her production were text threads between her and the Company-issued phones of Rod Broschinsky, Roald Richards, Daniel McDaniel, and others.

11. Having received testimony from multiple witnesses that no search had been conducted for text messages, and with Brand's counsel representing that a diligent search had been conducted and no responsive text messages existed, we started on this motion. But before starting, I emailed Brand's counsel to explain our position and suggested that we might attempt one more time to see if there was a way to resolve this without motion practice. I sent that email on September 13, 2022. We have not received any response. A copy of my email is attached as **Exhibit 9**.

SIGNED this <u>22nd</u> day of September, 2022, at Seattle, Washington.

<u>s/Alex J. Higgins</u>
Alex J. Higgins, WSBA No. 20868

DECLARATION OF ALEX J. HIGGINS - 4
2:21-cv-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 340-4856