The Honorable Michelle L. Peterson
Noted for Friday, October 7, 2022

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANNETTE BASA, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>BRAND SHARED SERVICES, LLC, a Delaware corporation,<br><br>  Defendant. | No. 2:21-cv-00754-MLP<br><br>**MOTION TO COMPEL**<br><br>NOTED FOR CONSIDERATION:<br>Friday, October 7, 2022 |

### I.     INTRODUCTION

Plaintiff Nannette Basa moves for an order to compel discovery. Defendant Brand Shared Services, LLC ("Brand") has withheld responsive documents, claiming attorney-client privilege but without providing a timely or adequate privilege log. In October 2021, Plaintiff sought documents relating to the reasons for her layoff. Brand objected months later based on attorney-client privileged communications but without any privilege log as required by FRCP 26(b)(5). Finally, at the end of August 2022, Brand produced a grossly inadequate log. The privilege should be deemed waived as to the document(s) relating to the December 2020 layoff, for the reasons set forth below.

As Judge Martinez has explained, this is not discretionary: "The Rules place an absolute and unequivocal duty on the party withholding discovery to create a privilege log." *Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 551–52 (W.D. Wash. 2004) (Martinez, J.)  Failure to provide a

MOTION TO COMPEL - 1
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

timely privilege log with specific information is grounds for waiver of the privilege as to the documents withheld. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. Of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005). These cases are discussed in more detail below.

## II.   FACTUAL BACKGROUND AND PLAINTIFF'S DISCOVERY REQUESTS.

**A.   Overview of the Case: Discriminatory Selection of Plaintiff in a Layoff.**

Plaintiff Nannette Basa alleges race/national origin discrimination and age discrimination arising out of the termination of her employment by Brand Shared Services, Defendant ("Brand" or "Defendant"). Basa is a Filipina-American who worked as a recruiter for Brand for many years before a new Director of Talent Acquisition (recruiting) was hired in late 2019. (Basa Decl. ¶¶ 1-3.)[1] That new Director (Karen Riapos) hired two younger white recruiters in early 2020. (*Id*.) When layoffs happened in December 2020, Plaintiff was selected for layoff while Brand decided to retain the two newly-hired white employees who were approximately 15 years younger. At the very same time, Brand also hired a young white man to work as a contract recruiter. (Dkt. 27-1, p 8-10.) Basa was not offered that role (which would have paid her approximately the same salary).

Brand has asserted various shifting reasons for selecting Plaintiff in the layoff – primarily that Basa said that she was not interested in doing recruiting. (Higgins Decl. ¶ 1.) Brand claims that she was working on a special project and that she was only interested in focusing on that. (*Id*.) Brand has not produced a single document supporting its contention that Basa turned down work as a recruiter; in fact, she continued to do recruiting work throughout her employment. (*Id*.)

**B.   Plaintiff's Discovery Requests.**

In October 2021, Plaintiff sent its first set of requests with only a modest set of information requested. (Higgins Decl. ¶ 2.) Among other items, it asked for documents relating to Brand's "process for determining which employees were retained and which were laid off

---

[1] Dkt. 26, previously filed on September 7, 2022.

MOTION TO COMPEL - 2
(No. 2:21-cv-00754)

during reductions in force". (Higgins Ex. 1 (Rog No. 4 and RFP No. 4).) When Brand finally produced some documents on January 14, 2022, two-and-a-half months after receiving Plaintiff's requests, there were only 66 pages and not a single email among them. (Higgins Decl. ¶ 2.)[2] Brand produced 23 more pages on January 28, in which only <u>two</u> emails were included (neither of which related to Plaintiff or the layoff decision). (*Id*.) Brand supplemented with additional documents on March 17—bringing the total number of pages produced to 91. (*Id*.)

Brand objected to providing all documents about the December 2020 layoff based on attorney-client privilege. Despite a mere 91 total pages of documents produced by Brand over the course of almost five months, Brand did not provide any privilege log. (Higgins Decl. ¶ 2.)

As a result of the scant document production, Plaintiff sent another, broader set of discovery requests on April 6, 2022. (Higgins Decl. ¶ 3.) Plaintiff thought that perhaps its wording was not sufficiently clear. (*Id*.)

Defendant had produced almost no documents showing its process for selecting Plaintiff layoff while retaining less tenured, younger white employees. Counsel asked for a privilege log several times, with an increased emphasis on August 28. (Higgins Decl. ¶ 4, Ex. 2.) Finally, at the end of the day on Friday, September 9, with only three weeks remaining before the discovery cutoff, Defendant produced a one-page privilege log that provided almost no detail. In pertinent part, the privilege log stated:

> December 4, 2020. Corporate RIF Worksheet prepared by Brand employee(s) in anticipation of discussion with Brand in-house counsel regarding reduction-in-force.

(Higgins Ex. 3.)

Plaintiff's counsel responded the following Monday that the log was inadequate and asked for more detail about the communications concerning the December 2020 layoff. (Higgins Ex. 4.) (With little time remaining in discovery, Plaintiff decided to forego asking for

---

[2] Plaintiff's counsel agreed to several extension as a courtesy.

MOTION TO COMPEL - 3
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

a more complete privilege log and only sought more detail regarding the December 2020 layoff communications.)  (Higgins Decl. ¶ 5.)  Defense counsel did not respond.  (*Id*.)  After a week, the undersigned sent a reminder to defense counsel.  (Higgins Ex. 4.)  Defense counsel has still not responded.  (Higgins Decl. ¶ 5.)

Notably, Brand is not a small company; it employs over 38,000 employees.  Under the case law discussed below, it is important that Defendant is not a stranger to litigation.  *See, e.g.*, *BrandSafway, LLC v. Zen-Noh Grain Corp.*, No. CV 19-13136, 2020 WL 1889197, at *1 (E.D. La. Apr. 16, 2020); *BrandSafway Servs., LLC v. Laborers Int'l Union of N. Am., Loc. 169*, No. 320cv00362-MMDCLB, 2020 WL 6806766, at *4 (D. Nev. Nov. 19, 2020).

### III.   FRCP 37 CERTIFICATION

Plaintiff's counsel certifies, pursuant to FRCP 37(a)(1), that he has in good faith conferred with Defense counsel via email and tried to have further discussions on the issues raised in this motion.  (Higgins Decl. ¶ 6.)  Defense counsel has been nonresponsive.  (*Id*.)

### IV.   LEGAL AUTHORITIES AND ARGUMENT.

Defendant was required to provide a privilege log under FRCP 26(b)(5).  As Judge Martinez has explained, this is not discretionary: "The Rules place an absolute and unequivocal duty on the party withholding discovery to create a privilege log."  *Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 551-52 (W.D. Wash. 2004) (Martinez, J.) (citing the plain language of FRCP 26(b)(5)).  Further, the court noted that "the burden is on the party asserting a privilege to show it was prepared in 'anticipation of litigation' or that it is subject to an attorney-client privilege."  *Id*.[3]

A privilege log must provide enough specific information for the other party to determine its credibility.  Failure to do so is grounds for a waiver of the privilege.

---

[3] In all candor, Plaintiff did not provide a privilege log, but Plaintiff did not have any privileged communications before litigation was contemplated – before she was laid off.  Plaintiff does not make any issue of the adequacy of the privilege log relating to post-dispute communication, but only Defendant's failure to provide a privilege log about communications at the time of the layoff decision.

MOTION TO COMPEL - 4
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

Distinguishing between privileged and unprivileged communications is not simple, especially where in-house counsel is involved in business decisions before litigation has ensued. Communications from in-house lawyers about business matters and regarding business advice are not shielded by the attorney-client privilege. Sometimes, communications are both business and legal in nature, thus having a "dual purpose." Those are only protected if a document was <u>primarily</u> created for the purpose of giving or receiving <u>legal</u> advice. *See generally*, *United States v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011) (discussing dual-purpose documents).

To satisfy the rule, the objecting party "must provide sufficient information to enable the other side to evaluate the applicability of the claimed privilege or protection." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. Of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005). A ruling by Judge Pechman explains that privilege logs are "entirely deficient" when they do not "make clear" the basis for the assertion so as to "enable other parties to assess the claim." *Plascencia v. Collins Asset Grp., LLC*, No. 17-1505MJP, 2019 WL 859222, at *3 (W.D. Wash. Feb. 22, 2019).

Brand's description of a "Corporate RIF Worksheet" in the privilege log fails on many levels: it does not provide the name of the in-house counsel or that person's role/title; it does not identify who authored the worksheet; it does not indicate that a legal analysis or opinion was provided in response to the Worksheet. Plaintiff is thus unable to determine the nature of the worksheet to determine whether it was business advice or legal advice or a "dual purpose" document.

The Ninth Circuit, in *Burlington*, held that a failure to provide a privilege log may create a waiver of the privilege under certain circumstances:

> We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege. However, we also reject a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30–day time limit.
>
> Instead, <u>using the 30–day period as a default guideline</u>, a district court should make a case-by-case determination, taking into account the following factors: the degree to which the objection or assertion of privilege enables the litigant seeking

MOTION TO COMPEL - 5
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); <u>the timeliness of the objection</u> and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.  These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. . . . .

*Burlington,* 408 F.3d at 1149-50 (emphasis added).

Next, the Ninth Circuit relied on two important facts: (1) that the company had delayed five months in supplying a log; and (2) that this was a "sophisticated corporate litigant":

> Here, the district court found a waiver where the log not only was not filed during the Rule 34 time limit, but was filed *five months* later.  In the absence of mitigating considerations, this fact alone would immunize the district court's ruling from reversal under the standard just articulated.  But additional circumstances support the district court's ruling.  Burlington is a sophisticated corporate litigant and a repeat player in environmental lawsuits and regulatory action involving the site that is the subject of the underlying lawsuit.  The claim that responding in a timely fashion would have been impossible or overly burdensome is hard to justify, especially because the record reveals agreement between the parties that many of the same documents were previously produced in a prior lawsuit.  The record also contains evidence that even the untimely assertion of privileges by Burlington was insufficient.  The district court noted that the untimely logs "failed to correlate [specified] documents with specific discovery requests."

*Id.* at 1150 (emphasis in original).

Brand's failure is worse than the failure in *Burlington*.  Brand did not provide a privilege log until <u>eight</u> months after its initial objections – and only after several requests.  The privilege log was a barebones, one-page log without sufficient detail.

The second factor relates to the scope of the production.  Brand will complain about the scope of discovery requests, but that is irrelevant to what is at issue here: the limited request for documents relating to the layoff decision in December 2020.  Apparently, there was only one document a "Corporate RIF Worksheet" that was withheld.  Thus, any arguments about scope

MOTION TO COMPEL - 6
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

are simply a "red herring." Further, the expanded scope of discovery was caused by Brand's own shifting stories and recalcitrance. Brand's feet-dragging and bad faith are detailed in the attached declaration of counsel and summarized on pages 2-3 above. Moreover, Brand's shifting explanations unnecessarily broadened the scope of discovery. It initially defended by claiming that Plaintiff declined another position before being laid off (the positions held by Norris and Wilson –she allegedly did not want to do recruiting). Defendant's sworn interrogatory answer in January 2021 made that assertion. When Plaintiff challenged that assertion as nonsensical and pointed out the lack of any documentation to support it, Defendant then claimed that Plaintiff was not doing any recruiting work during her last year of employment. To rebut that false claim, Plaintiff asked for the entirety of her email inbox to disprove this. (Notably, if Brand had used job descriptions, this broad discovery would not have been necessary to establish her job duties.) That production resulted in many thousands of pages of emails.

Next, Brand added another reason to bolster its layoff decision: that Plaintiff had performance issues (which contradicts its previous story that Plaintiff was offered but turned down a recruiting role).

In any event, none of these factual issues prevented Brand from creating an adequate or timely privilege log about the December 2020 decision to layoff Plaintiff.

The other factors relate to Brand's relative resources and sophistication. Brand is a large Company with experience in litigation. Its repeated delay and bad faith in failing to provide an adequate privilege log should result in a limited waiver of its privilege relating to documents about the December 2020 layoff created at that time.

//
//
//
//

MOTION TO COMPEL - 7
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

## V. CONCLUSION

For the reasons set forth above, Plaintiff seeks an Order requiring production of the Corporate RIF Worksheet (and any other communications around that document) relating to the December 2020 layoff in light of Defendant's failures stated above.

DATED this *22nd* day of September, 2022.

        LAW OFFICES OF ALEX J. HIGGINS

        *s/Alex J. Higgins*
        Alex J. Higgins, WSBA No. 20868

        BEAN LAW GROUP

        *s/Cody Fenton-Robertson*
        Cody Fenton-Robertson, WSBA No. 47879
        2200 6th Ave, Suite 500
        Seattle, WA 98121
        (206) 522-0618

MOTION TO COMPEL - 8
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856