The Honorable Michelle L. Peterson
Noted for Friday, October 7, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NANNETTE BASA,<br><br>      Plaintiff,<br><br> v.<br><br>BRAND SHARED SERVICES, LLC,<br><br>      Defendant. | No. 2:21-cv-00754-MLP<br><br>DECLARATION OF ALEX J. HIGGINS IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS |

  I, Alex J. Higgins, am one of the attorneys for the plaintiff in the above-entitled matter. I am over the age of 18 and am competent to testify regarding the matters discussed below. I make this declaration based upon personal knowledge. I swear that the following is true and correct under the penalty of perjury.

  1. Brand has asserted various shifting reasons for selecting my client layoff – primarily that Ms. Basa said that she was not interested in doing recruiting.  In its responses to our first set of discovery, Brand provided a sworn answer that Plaintiff turned down an offer to work in recruiting positions that were filled by Nicole Norris and Ryan Wilson.  Brand has not produced a single document supporting its contention that Ms. Basa turned down work as a recruiter; in fact, she continued to do recruiting work throughout her employment. Brand further claimed that Plaintiff was working on a special project and that she was only interested in focusing on that.

DECLARATION OF ALEX J. HIGGINS - 1
2:21-cv-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA  98121
(206) 340-4856

2. On October 28, 2021, we sent our first set of requests with only a modest set of information requested. Among other items, we asked for documents relating to Brand's "process for determining which employees were retained and which were laid off during reductions in force". When Brand finally produced some documents two-and-a-half months after receiving Plaintiff's requests (January 14, 2022), there were only 66 pages and not a single email among them. Attached as **Exhibit 1** is Brand's January 14 set of supplemental answers (excerpted to include only those relevant to this motion). Brand produced 23 more pages on January 28, in which only <u>two</u> emails were included (neither of which related to Plaintiff or the layoff decision). Brand supplemented with additional documents on March 17—bringing the total number of pages produced to 91. Brand objected to providing all documents about the December 2020 layoff based on attorney-client privilege (Interrogatory No. 4 and RFP No. 4). Brand did not, however, provide any privilege log.

3. On April 6, 2022, having received very few documents in response to our first set of discovery requests, and in an abundance of caution in case the wording of our first set of requests was not sufficiently clear, we sent a second set of requests to Brand with a broader request for communications.

4. During discovery, Brand produced almost no documents showing its process for selecting Plaintiff layoff while retaining less tenured, younger white employees. I asked for a privilege log several times in discussions with counsel, with an increased emphasis on August 28. (Attached as **Exhibit 2** is that August 28 email that I sent to Brand's counsel.) Finally, at the end of the day on Friday, September 9, Brand's counsel produced a one-page privilege log that provided almost no detail. A copy of that privilege log is attached as **Exhibit 3**.

5. I responded the next business day that the log was inadequate and asked for more detail about the communications concerning the December 2020 layoff. With little time remaining in discovery, we decided to forego asking for a more complete privilege log and only sought more detail regarding the critical December 2020 layoff. Defense counsel did not

DECLARATION OF ALEX J. HIGGINS - 2
2:21-cv-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

1 | respond.  After a week, the I sent a reminder to defense counsel.  That email chain is attached as
2 | **Exhibit 4**.  Defense counsel has not responded to these requests.
3 |           6.        I certify, pursuant to FRCP 37(a)(1), that I have in good faith conferred with
4 | Defense counsel by making specific and written requests for more detail on the privilege log
5 | and followed up in writing a second time without any response.  It appears that defense counsel
6 | is trying to "run out the clock" on discovery.

SIGNED this *22nd* day of September, 2022, at Seattle, Washington.

*s/Alex J. Higgins*
Alex J. Higgins, WSBA No. 20868

DECLARATION OF ALEX J. HIGGINS - 3
2:21-cv-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA  98121
(206) 340-4856