## Law Offices of Alex J. Higgins, LLC
2200 Sixth Avenue, Suite 500 Seattle, WA 98121
206.340.4856
alex@alexjhiggins.com

September 27, 2022

*Via CM/ECF*

Hon. Michelle Peterson

 Thank for you meeting with the parties to discuss the discovery disputes in this case. We have already briefed the basic facts supporting Plaintiff's claims in the briefs, i.e., that she was laid off while two recently-hired younger, white employees were retained. We will not repeat those here.

 The Notice of a Rule 30(b)(6) Deposition was served on August 17, 2022. Only recently did the parties confer about the scope of the deposition. The parties' opposing positions as articulated in recent emails are set forth in an attachment to this letter. (In the attachment, topics not in dispute were deleted for clarity.)

 Some general principles are important to set forth. First, the existence of documents or other sources of the information are irrelevant to the scope of a 30(b)(6) deposition. *Marker v. Union Fidelity Life Insurance,* 125 F.R.D. 121, 126 (M.D.N.C.1989) ("Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored.") A corporation may not take the position that its documents state the company's position. *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 541 (D. Nev. 2008). Indeed, a Rule 30(b)(6) deponent must explain the organization's interpretation of the documents, give the reasons for the interpretation, and stand subject to cross-examination. *Id.* The designated deponent must sufficiently review the relevant documents so that he may explain the corporation's interpretation of the documents, give the reasons for the interpretation, and stand subject to cross-examination. *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, at *6 (D. Nev. 2013).

 Further, a party may not insist on a narrow or "strict" interpretation of the topics during the deposition. *King v. Pratt & Whitney,* 161 F.R.D. 475, 476 (S.D.Fla.1995) ("no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6).") This broad view of the permissible questions at 30(b)(6) deposition "has been unanimously accepted by courts addressing the issue since that time." *Am. Gen. Life Ins. Co. v. Billard*, No. C10-1012, 2010 WL 4367052, at *4 (N.D. Iowa 2010) (with cases cited).

 Topic 1 seeks information on the "past practices" of the Company regarding how it has hired employees and whether it generally used external postings and a competitive process. Likewise, Plaintiff seeks the "past practices" when making layoff decisions. This is important because Plaintiff's former manager, Karen Riapos, hired two younger white employees without any external postings or competitive process. These "hand-picked" recruiters held the same job title as Plaintiff ("Talent Acquisition Manager"). We believe that Defendant generally advertised positions and used a competitive process. Ms. Riapos testified to that in her deposition, but Defendant has tried to

disavow that since then. We need to know the Defendant's official position on that. The favoritism shown to these two younger, white employees, began at their hiring and continued through the layoff decision. The layoff decision was not documented by any written criteria or weighing of the relative merits of the three recruiters employed.[1]

This is a discovery motion, not a motion *in limine*. Defendant naturally disagrees with Plaintiff's theory of the case. That is not, however, grounds to deny discovery. Plaintiff has the right to gather and present the evidence to the court for a decision concerning admissibility. As a threshold matter, we are entitled to know whether Ms. Riapos's favorable treatment of the other recruiters during hiring and layoffs was irregular. A Company's variation from its prior employment practices is highly suspicious and allows a jury to infer discrimination. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1214 (9th Cir. 2008) ("[An] irregularity further undermines the credibility of the proffered explanations for the layoffs: the evidence is consistent with the view that Brandt disregarded company policy because it conflicted with his intent to discriminate.") (citing *Brennan v. GTE Govt. Sys. Corp.,* 150 F.3d 21, 29 (1st Cir.1998) ("Deviation from established policy or practice may be evidence of pretext.").

Defendant wishes to limit the scope to the hiring practices within HR, which is overly narrow. There is no authority that discovery should be limited to what Ms. Riapos has done in the past. Knowledge of general practices should be well known to the full-time recruiters employed by Defendant. Additionally, Defendant uses a vendor called "Direct Employers" to place job postings. They should have records of how many job postings have been placed through this vendor. This is not overly burdensome. Ms. Riapos's own testimony outlined the use of "Direct Employers," which is also confirmed by another employee in a document she created about the process for recruiting at Defendant. Defendant has argued that this document is irrelevant because it is only one employee's practice. So Plaintiff should be able to find out the general practice. Defendant knows that this document and Ms. Riapos's testimony poses a problem and they have clearly signaled some plan to distance the corporate defendant from that. We are entitled to know exactly how it intends to do that before trial and avoid trial by ambush.

Topic 5 seeks information about cost savings generated by a project Plaintiff had worked on during 2018, 2019 and 2020. In early 2019, she was rewarded with a $10,000 bonus for her good work. There was conflicting testimony from Defendant's employees about many millions of dollars was saved by the project. We want a witness to reconcile those discrepancies before trial.

Sincerely,

Alex J, Higgins, and

Cody Fenton-Robertson

---

[1] The only documentation is a "worksheet" withheld due to a claim of attorney-client privilege, which is the subject of a pending Motion to Compel.