**Email exchange between counsel on 30(b)(6) topics in dispute:**

**Topic No. 1**:

Plaintiff's position:  We will withdraw the reference to "promotions," "separations and terminations."

Defense response:  Thanks for this.

Plaintiff's position:  We will not limit to only to the HR department because we need to know if Brand has any typical past practices regarding hiring and layoffs.  For instance, Brand should be able to identify someone knowledgeable with helping the business in recruiting (e.g., a recruiter) who could testify whether job postings externally are the norm and whether "Direct Employers" is typically used to hire new employees.

Defense response:  As I stated this morning, we do not believe that any of the broad issues in Topic 1 are relevant to Ms. Basa's case (with the exception of layoffs/RIFs).  However, you explained that you believe it is important to ascertain whether Karen Riapos hired people (such as Nicole Norris and Ryan Wilson) in a manner that was inconsistent with Brand's policy or practice.  Thus, you wanted to know about Brand's policies and practices regarding equal employment opportunity regarding "hiring…, whether and where to advertise or post job openings, and …layoffs/RIFs since January 1, 2019."

I mentioned that Brand does not have any official written policies that apply to the whole company.  You said you wanted to know what the <u>practices</u> are.  As I explained that Brand does not have any uniform "practices" related to hiring, advertising or posting job opportunities, or layoffs/RIFs, you said that you would be interested in learning about the HR department, but also business units for which the hiring persons had personal knowledge (i.e. if they recruited/hired for a specific position).  We continue to remain concerned about the overbroad scope of this topic, particularly because there is no uniform "practice" on any of these issues within Brand and because this case is not related to any alleged failure to hire.  Nevertheless, with these caveats, we will produce someone who can testify on behalf of Brand on:

> a) the past practice regarding selection of employees for the December 2020 layoff/reduction in force; and
> b) the past practices and policies (since January 1, 2019) regarding equal employment opportunity in hiring, whether and where to advertise or post job openings, and layoffs/RIFs as they apply to the HR department and if those practices varied from a standard or known "normal" practice within the company.

We intend to keep the scope on this topic very tight, because Nicole Norris and Ryan Wilson were hired <u>before</u> Ms. Basa was laid off and there is simply nothing about their hiring that is relevant to Ms. Basa's layoff.

Plaintiff's Response:  We do not accept your limitations on part b above.  The practices of the Company are not limited to those deemed "normal".  The past practices are what they are.  I'm not going to play a semantics game about what they consider "normal."

Your opinion about relevance is noted, but does not control our discovery.  Riapos clearly treated Wilson and Norris in a preferential manner throughout their employment, including the way she hired them.  You cannot simply repeat your talking point to stop discovery.  We are entitled to pursue our theory of liability.  You can argue on summary judgment and at trial about you believe to be relevant.  Or you can file a motion for a protective order on that issue, if you desire.

**Topic No. 5**:  The cost savings from the temporary labor initiative and the implementation of VNDLY is important to rebut Brand's claims of Ms. Basa's poor performance.  Both Roald Richards and Rod Broschinsky testified about the range of savings, but could not remember with exactitude.  Neither indicated that such a number would need to be re-created from raw data – in fact, both indicated that the number was known at the time.  We will limit this request to the years 2019 and 2020.  (We believe that the witnesses testified that the savings was not tracked after the end of 2020.)

Defense response:  We disagreed about the relevance of this topic.  As I mentioned, we do not see any reason that the details of a project to which your client contributed in the few years before she was laid off have anything to do with her claim for discrimination.  I also explained that it would be extremely burdensome to try to recreate or calculate a cost savings figure for a particular project.  You mentioned that Ms. Basa received a bonus in 2019 for her work in 2018 and she did not in 2019 or 2020.  While it may tangentially be relevant to ascertain if she helped save some funds in 2018 (which led Brand to give her a bonus in 2019), it's hard to see how any cost savings in 2019 or 2020 are related.  We agreed to confer with our client to see if there was an actual number calculated.

<u>Plaintiff's Response</u>:  The cost savings generated by Plaintiff's efforts are relevant to her performance in 2019 and 2020.  According to your witnesses, she was selected for layoff, in part, due to her performance.  If she saved the Company $10M in the two years before she left, that is relevant.  You can argue to the jury that they should disregard that cost savings.  We would like to proceed with that topic in the deposition unless a very clear and unequivocal answer is given beforehand.