

**Seyfarth Shaw LLP**
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
**T** (206) 946-4910
**F** (206) 946-4901
hmcfarland@seyfarth.com
T (206) 946-4923
www.seyfarth.com

September 27, 2022

The Honorable Michelle L. Peterson
United States District Court for the Western District of Washington
700 Stewart Street, Suite 2310
Seattle, WA 98101

    Re:    ***Nannette Basa v. Brand Shared Services, LLC***,
            **Case No. 2:21-cv-00754-MLP**
            Protective Order for FRCP 30(b)(6) Deposition

Dear Judge Peterson:

Thank you for the opportunity to discuss Plaintiff's overbroad 30(b)(6) deposition notice in our conference call on September 28, 2022. We attach a copy of the Amended Notice for your review. We represent Brand Shared Services, LLC ("Brand") in this matter. On December 8, 2020, Brand laid off Plaintiff in a company-wide reduction-in-force. Brand was undergoing a large reorganization; coupled with the drastic impacts of the COVID-19 pandemic on its business, the company needed to reduce expenses.

Plaintiff, who worked in Brand's Human Resources department, had been focusing on coordinating Brand's contingent labor program in the two years before she was laid off. In the months leading up to the layoff, Brand decided to hire a professional managed service provider ("MSP") to oversee that work. Plaintiff understood she was vulnerable to lay off because the business-need for her role was dissolving. In fact, she emailed Brand's Chief People Officer (Meg Newman)(referenced in Brand's other pending motion) to express concerns about her position once the MSP was retained. Ultimately, Brand did include Plaintiff in the layoff. She was one of over 100 employees that Brand laid off in the last quarter of 2020.

Plaintiff sued Brand for race and age discrimination. In deposition, Plaintiff admitted that she has no evidence of age or race discrimination. She admitted that Brand followed EEO policies and procedures for hiring and layoffs. But she is stretching to try to create discovery disputes for leverage in this case. Plaintiff noted an extremely overbroad FRCP 30(b)(6) deposition that spans numerous topics with absolutely no bearing on the claims or defenses in this case. Brand agreed to produce a witness on Thursday or Friday to address topics 2, 3, and 4 (as modified), but Plaintiff's counsel is unavailable to take the deposition of the topic 2 and 4 designee(s). Brand is producing a witness for topic 3 on Thursday. The parties met and conferred on the notice but remain at an impasse on two of the five topics:

**Topic No. 1:** Policies, practices, and procedures relating to hiring, termination and layoff. a. Past practices and policies (since January 1, 2019) regarding selection of employees for layoff and reduction in force ("RIF"); and b. Past practices and policies (since January 1, 2019) regarding equal employment opportunity in the following areas: i) Hiring and promotion; ii) Whether and where to advertise or post job openings; and iii) Separations/terminations/layoffs/RIFs.

Honorable Michelle L. Peterson  
September 27, 2022  
Page 2

Brand objected and informed Plaintiff that the issues in Topic 1 are not relevant to Plaintiff's case (with the exception of layoffs/RIFs - and for those, only the Q4 2020 layoff). This is not a failure to hire case, not a failure to promote case, and there is no issue regarding advertising or posting job openings. It is undisputed that Plaintiff was laid off, and no one was hired to take her position. Further this is an extremely burdensome and overbroad topic to which it would be almost impossible to prepare a witness.

But Plaintiff's counsel insists that he should have information about how Brand's employees were "normally" hired and whether Brand posts all job openings in order to evaluate whether two employees in Human Resources (Nicole Norris and Ryan Wilson) were hired fairly. But even this is irrelevant. Both Ms. Norris and Mr. Wilson were hired <u>before</u> Plaintiff was laid off. Further, at least four of the six people Plaintiff's counsel has already deposed (including Ryan Wilson and Karen Riapos, who hired both Ms. Norris and Mr. Wilson) were asked about how Ms. Norris and Mr. Wilson were hired. We informed Plaintiff's counsel, and it has become apparent from the six employees and former employees already deposed, that there is no company policy (other than EEO policies) regarding hiring and no policy requiring job posting. There was no common "practice" on how employees were hired, either within Human Resources or throughout the company. Brand employs more than 30,000 employees throughout the world. People are hired in a variety of ways - in different countries, through unions, through contingent labor, and in many different branches for different needs. The same is true with regard to promotions, how jobs were posted, and terminations.

Although Brand has already produced witnesses who have testified about Plaintiff's layoff, we remain willing to produce a 30(b)(6) witness to testify on the 2020 Q4 layoff. Nothing else in this topic is relevant.

**Topic No. 5:** Cost Savings from the Temporary Labor Initiative. a. As requested by Request for Production No. 13, the witness should be able to explain and summarize the documents and cost savings from the temporary labor initiative that Plaintiff worked on, including the time period from January 1, 2019 to the present.

In written discovery and in the depositions already taken, Plaintiff has asked how much money Brand saved due to a project Plaintiff was working on with others (the contingent labor program). Plaintiff's counsel argues that Plaintiff received a bonus in early 2019 for her work in *2018* on this program. Because Plaintiff understood the bonus she received was due to her performance, she argues that she needs to know exactly how much money Brand saved as a result of the project she worked on (with others) in 2019 and 2020.

Again, this is wholly irrelevant to any of Plaintiff's claims. Brand laid off Plaintiff because of financial difficulties and a large reorganization. Brand selected Plaintiff for layoff: (i) because the work she was doing was being outsourced to an outside vendor; and (ii) because her supervisor received complaints about Plaintiff's communication style and responsiveness. Even if Plaintiff worked on an initiative that resulted in savings to the company, the extent of those savings do not have any bearing on the claims or defenses in this case. Further, it would be burdensome to try to reconstruct various savings or to try to attribute any portion of the savings to what Plaintiff may have added in her role.

We look forward to discussing this matter further on Wednesday.

Sincerely,  
SEYFARTH SHAW LLP

Helen M. McFarland