# ATTACHMENT

The Honorable Michelle L. Peterson

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANNETTE BASA,<br><br>        Plaintiff,<br><br>   v.<br><br>BRAND SHARED SERVICES, LLC,<br><br>        Defendant. | No. 2:21-cv-00754-MLP<br><br>AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF THE CORPORATION PURSUANT TO FRCP 30(b)(6) |

TO:    BRAND SHARED SERVICES, LLC, Defendant
TO:    HELEN MCFARLAND and EMMA KAZARYAN, Defendant's Attorneys

      PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff Nannette Basa will take the deposition upon oral examination of Brand Shared Services, LLC, before an officer authorized to administer oaths, at the date and location listed below. Said deposition will be recorded by video and stenographic means and will continue until it is adjourned. This examination will be subject to further continuance from time to time and place to place until completed, and is to be taken on the grounds that said witness will provide material evidence for Plaintiff's case.

      DATE:      September 20, 2022
      TIME:      9:30 AM PDT
      LOCATION:  Remote videoconference (e.g. Zoom).

AMENDED NOTICE OF DEPOSITION OF BRAND SHARED SERVICES - 1
NO. 2:21-cv-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

Pursuant to FRCP 30(b)(6), Brand Shared Services, LLC, is required to designate and fully prepare one or more officers, directors, managing agents or other persons who consent to testify on behalf of Brand Shared Services, LLC, and whom Brand Shared Services, LLC will fully prepare to testify regarding all information that is known or reasonably available to Brand Shared Services, LLC's organization[1] regarding the following designated matters:

## MATTERS OF EXAMINATION

1. **Policies, practices, and procedures relating to hiring, termination, and layoff.**
   a. Past practices and policies (since January 1, 2019) regarding selection of employees for layoff or reduction in force ("RIF").
   b. Past practices and policies (since January 1, 2019) regarding equal employment opportunity in the following areas:
      i. Hiring and promotion;
      ii. Whether and where to advertise or post job openings;
      iii. Separations/terminations/layoffs/RIFs.

2. **The December 2020 RIF.**
   a. The "financial constraints" identified in Defendant's Answer to the Complaint as a reason that a RIF was necessary.
   b. The manner in which employees were selected for layoff (since January 1, 2019).
      i. Guidance provided to decision makers regarding the selection of employees to be retained or not;
      ii. Criteria used to select employees for retention or for layoff (and whether such criteria was in writing);
      iii. The number of employees (and their positions within Defendant's organization) that were selected for layoff.

3. **Document Retention and Document Production.**
   a. Explain Defendant's document retention practices and policies (since January 1, 2019) with regard to emails, text messages, or any other form of electronic communication utilized by Defendant, including whether the policies are written policies or informal.
   b. Identify the steps taken to preserve electronically stored information (since January 1, 2019), such as emails and text messages, regarding Plaintiff,

---

[1] This request includes any and all facts known to Defendant or its counsel. *Taylor v. Shaw*, 2007 WL 710186 (D. Nev. 2007) (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F.Supp.2d 479, 487 (D.Md. 2005) (citing *In re Vitamins Antitrust Litig.*, 216 F.R.D. 1687, 173 (D.D.C. 2003)).

AMENDED NOTICE OF DEPOSITION OF BRAND SHARED SERVICES - 2
NO. 2:21-cv-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

including but not limited to the dates such steps were taken and each step taken to preserve and collect responsive information.

**4.  Affirmative Defenses.**
   a. Describe all facts, witnesses, and documents on which Defendant bases its contentions set forth on pages 8 to 9 of the Answer to Plaintiff's Amended Complaint, stating eight various affirmative defenses. Should Defendant wish to withdraw any of these claimed defenses in writing prior to the 30(b)(6) deposition, there will be no need for related deposition testimony.
      i. First Defense: Identify all facts, witnesses, and documents upon which Defendant bases its contention that Plaintiff's lawsuit is barred or limited by the statute of limitations.
      ii. Second Defense: Identify all facts, witnesses, and documents upon which Defendant bases its contention that Plaintiff's claims are barred or limited by the doctrine of waiver.
      iii. Third Defense: Identify all facts, witnesses, and documents upon which Defendant bases its contention that Plaintiff's claims are barred or limited by the doctrine of estoppel.
      iv. Fourth Defense: Identify all facts, witnesses, and documents upon which Defendant bases its contention that Plaintiff's claims are barred or limited by a failure to mitigate.
      v. Fifth Defense: Identify all facts, witnesses, and documents upon which Defendant bases its contention that Plaintiff's claims are barred or limited by a lack of injury/lack of standing.
      vi. Sixth Defense: Identify all facts, witnesses, and documents upon which Defendant bases its contention that Plaintiff's claims are barred or limited by a failure to exhaust applicable administrative remedies.
      vii. Seventh Defense: Identify all facts, witnesses, and documents upon which Defendant bases its contention that Plaintiff's claims are barred or limited by Plaintiff's consent/authorization.
      viii. Eighth Defense: Identify all facts, witnesses, and documents upon which Defendant bases its contention that Plaintiff's claims are barred or limited by a non-discriminatory business justification.

**5.  Cost Savings from the Temporary Labor Initiative.**
   a. As requested by Request For Production No. 13, the witness should be able to explain and summarize the documents and cost savings from the temporary labor initiative that Plaintiff worked on, including the time period from January 1, 2019, to the present.

AMENDED NOTICE OF DEPOSITION OF BRAND SHARED SERVICES - 3
NO. 2:21-cv-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

1  DATED this 8th day of September, 2022.

2                                      BEAN LAW GROUP

3                                      _____
4                                      Cody Fenton-Robertson, WSBA# 47879
                                       Attorney for Plaintiff

AMENDED NOTICE OF DEPOSITION OF BRAND SHARED SERVICES - 4
NO. 2:21-cv-00754-MLP

Law Offices of Alex J. Higgins
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 340-4856