1

HONORABLE MICHELLE L. PETERSON

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8

NANNETTE BASA, an individual,

Case No. 2:21-cv-00754 MLP

9

Plaintiff,

10

v.

DEFENDANT BRAND SHARED
SERVICES, LLC'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL

11

BRAND SHARED SERVICES, LLC, a
Delaware corporation,

12

13

Defendant.

**HEARING DATE:**
**October 7, 2022**

14

15

## I.    INTRODUCTION AND RELIEF REQUESTED

16

Defendant Brand Shared Services, LLC's ("*Brand*") respectfully requests that the Court

17

deny Plaintiff Nannette Basa's Motion to Compel ("*Motion*").  Not only did Plaintiff fail to

18

meet-and-confer prior to filing the motion, there is no legal basis for the relief sought by the

19

Motion.  Plaintiff's entire motion appears to be aimed at obtaining one document: a reduction-

20

in-force ("*RIF*") document that was created by a Brand employee to communicate with Brand's

21

in-house counsel.  The document is privileged and was properly withheld.

22

Notably, Plaintiff's Motion lacks any meet-and-confer correspondence showing that

23

Plaintiff's counsel communicated about filing a motion to compel based upon what he felt to be

24

an inadequate privilege log.  Plaintiff's counsel produced a single email from August 28, 2022

25

26

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 1
(CAUSE NO. 2:2-CV-00754 MLP)

(in which he requested a privilege log), a privilege log Brand produced on September 9, 2022 (which sufficiently identified the privileged communication), and an email from September 12, 2022 asking for the names of the lawyers and Brand representatives who communicated about the privileged RIF worksheet.  Brand was completely taken aback when Plaintiff filed this Motion on September 22, 2022.

After the Motion was filed, Brand produced a supplemental privilege log (on September 27, 2022) that included the information Plaintiff sought in his meet and confer correspondence. The supplemental privilege log explained that the author of the worksheet was Michelle Roman the attorney with whom it was communicated was Theresa McDaniel (Brand's in-house counsel), and the material was fully identified.  Brand provided the date of the document, a description, and a basis for the claim (attorney client privilege).

On October 3, 2022, pursuant to the Court's direction from September 28, 2022, the parties met and conferred.  Plaintiff's counsel refuses to accept Brand's representation that this material is privileged and insists on receiving "metadata" for the document.  Thus, Brand asks the Court to deny Plaintiff's motion to compel because: (i) the document at issue is privileged; (ii) the privilege log Brand originally provided was sufficiently detailed; (iii) Brand has supplemented the log to provide precisely the information Plaintiff has demanded; and (iv) waiver of privilege is a severe sanction that is inappropriate for an insufficient privilege log entry.

Because the document falls squarely within the attorney-client privilege and there is no basis to waive this privilege, Plaintiff's Motion to compel should be denied.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 2
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

## II. RELEVANT FACTS

In the Motion, Plaintiff's counsel has included a barrage of completely irrelevant facts related to discovery in this case. He has identified the number of pages that were produced on specific dates. However, none of those facts are relevant to this Motion. Regardless, to date, Brand has produced 62,456 pages of documents. Brand has produced two privilege logs. There is not, and cannot, be any dispute about the one document at issue in this Motion.

### A. Brand Laid Off Plaintiff in December 2020 Through A Large-Scale Layoff

As Plaintiff concedes, Brand terminated Plaintiff in a large scale, company-wide layoff in December 2020. *Declaration of Emma Kazaryan In Opposition to Plaintiff's Motion to Compel* ("*Kazaryan Decl.*"), ¶ 2, Exhibit A. She has admitted in deposition that the work she was doing was no longer necessary at Brand, that nobody at Brand ever made any ageist or racist comments to her, and that Brand made other retention and hiring decisions that contradict her specious discrimination claims. *Id.* Yet in the months after her layoff – while collecting unemployment benefits and enjoying being a self-proclaimed "trophy wife" – Plaintiff sued Brand for race and age discrimination. *Kazaryan Decl*. ¶ 3, Exhibit B. Within about a year of her termination, and conveniently just when her unemployment benefits had run out, Plaintiff fully mitigated her damages by finding another job that pays *even more* than she was making at Brand (which was approximately $100,000 per year). *Kazaryan Decl*. ¶ 4, Exhibit C.

### B. Brand Has Been Extremely Diligent And Forthcoming In Discovery And Produced Two Privilege Logs Evidencing That The Document Is Privileged

This is an objectively straightforward, single-plaintiff discrimination case with a relatively limited scope of potential damages, yet Plaintiff has barraged Brand with five sets of discovery requests; numerous depositions; countless requests for discovery conferences; and

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 3
(CAUSE NO. 2:21-CV-00754 MLP)

now, two back-to-back discovery motions.  *Kazaryan Decl.*, ¶¶ 5-9.  Despite being bombarded with discovery and working ceaselessly to keep up with it, Brand's counsel produced and served two privilege logs – something Plaintiff's counsel admits they themselves did not do.  *Kazaryan Decl.*, ¶¶ 10, 14; Motion at page 4, footnote 3.

On September 9, 2022, Brand produced a privilege log.  *Kazaryan Decl.*, ¶ 10, Ex. D.  Identified as item number 4, Brand identified a document that is privileged.  The entry reads:

| No. | Document Type | Date of Document | Description | Category of Privilege |
|-----|---------------|------------------|-------------|-----------------------|
| 4 | Corporate RIF Worksheet | December 4, 2020 | Corporate RIF Worksheet prepared by Brand employee(s) in anticipation of discussion with Brand in-house counsel regarding reduction-in-force | Attorney-Client privilege |

*Id.*

**C.   Plaintiff Seeks Additional Information From the Privileged Log**

On September 12, 2022, Plaintiff's counsel requested additional information regarding the privilege log.  He wrote:

> This not adequate.  With regards to the privileged communications on or around December 4, 2020, please provide the names of the lawyers and the names of the Brand representatives who were privy (either as addressees or ccs) on the communications along with the mode of communication (e.g. emails, Teams, texts) and the dates.

*Kazaryan Decl.,* ¶ 11, Ex. E.

**D.   Plaintiff Files This Motion To Compel And Brand Supplements Its Privilege Log**

After Plaintiff filed this Motion (without any meet and confer indicating that he would do so), Brand supplemented its privilege log to provide the information Plaintiff demanded.  *Kazaryan Decl.,* ¶¶ 12-14, Exs. F, G.

//

//

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 4
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

The revised entry reads:

*Basa v. Brand*
**Defendant's Privilege Log**

| No. | Document Type | Date of Document | Description | Category of Privilege |
|-----|---------------|------------------|-------------|----------------------|
| 4 | Corporate RIF Worksheet | December 4, 2020 | Corporate RIF Worksheet prepared by Brand employee for Brand in-house counsel seeking legal guidance on 2020 reduction-in-force <br>• <u>Author of the worksheet</u>: Michelle Roman; <br>• <u>Name of the in-house attorney</u>: Theresa McDaniel; <br>• <u>Nature of the advice sought</u>: The worksheet identified the employees who had been selected for layoff and information about why each employee was selected. The worksheet was created to relay information to legal counsel and evaluate legal risk related to the layoff decisions. | Attorney-Client privilege |

*Kazaryan Decl.*, ¶ 14, Ex G.

**E.      The Parties Meet And Confer And Plaintiff Refuses To Withdraw Her Motion**

On October 3, 2022, following the Court's order requiring the parties to meet and confer, counsel for Plaintiff and Brand met and conferred.  *Kazaryan Decl.*, ¶ 16.  In the call, Brand's counsel asked Plaintiff's counsel what further information was necessary and why Plaintiff's counsel was insisting on seeking this privileged communication.  *Id*.  Plaintiff's counsel responded that, pursuant to the Model ESI agreement, he was looking for "metadata" about when the document was created and how it was transmitted or shared with the in-house attorney.  *Id.*; *Kazaryan Decl.*, ¶ 17, Ex. H.  Brand has already provided information about the date of the document, how it was shared with the in-house attorney, and the context in which it was shared. *Kazaryan Decl.*, ¶ 19.  Further, as Brand's counsel has pointed out to Plaintiff's counsel, the Model ESI agreement does not require provision of metadata for purposes of a privilege log; it simply says that parties *may* use metadata to generate a privilege log.  *Kazaryan Decl.*, ¶ 18, Ex. I.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 5
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

Notably, Plaintiff's counsel has indicated that if the document at issue was produced, he would seek to take the deposition of Brand's former in-house counsel to inquire about the legal advice she provided regarding this document. *Kazaryan Decl.*, ¶ 15.

### III.    EVIDENCE RELIED UPON

This motion is based on this memorandum of points and authorities, the declaration of Emma Kazaryan and exhibits in support of same, and any other information the Court deems necessary.

### IV.    ARGUMENT AND AUTHORITY

Plaintiff appears to be arguing that Brand must waive its attorney client privilege because Plaintiff believes the privilege log is inadequate. *See Motion.*

Waiver of privilege is a severe sanction and inappropriate for an (alleged) insufficient privilege log entry. Courts have held that, "[g]iven the sanctity of the attorney-client privilege and the seriousness of privilege waiver, courts generally find waiver only in cases involving unjustified delay, inexcusable conduct and bad faith." *Johnson v. Ford Motor Co.*, 309 F.R.D. 226, 235 (S.D.W. Va. 2015). Accordingly,

> [A]n award of Rule 37(b)(2) sanctions for failing to [provide a sufficient privilege log] is most appropriate when (1) **documents have been withheld without any notice or privilege log**; (2) a **party has been ordered by the court to correct an inadequate privilege log and fails to comply with the order**; or (3) **the circumstances surrounding the production of an insufficient privilege log are particularly troubling or egregious**…

*Id.* at 235–36 (emphasis added).

In the instant case, Brand respectfully submits that its initial privilege log was sufficiently detailed. *Kazaryan Decl.*, ¶ 10, Ex. D. However, even assuming, *arguendo,* it was not detailed enough, Brand's supplemental entry – which provides precisely the information Plaintiff has

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 6
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

demanded – is surely sufficient.  *Kazaryan Decl.*, ¶ 14, Ex. G.

Even if the supplemental entry is still deemed insufficient, waiver of privilege is a severe sanction that would be completely inappropriate because none of the *Johnson* factors apply: (i) the RIF worksheet was logged on a privilege log; (2) Brand has not failed to comply with a Court order to supplement; and (3) the circumstances surrounding preparation and provision of the log demonstrate that Brand has been cooperative and diligent throughout the discovery process.  Accordingly, Plaintiff's motion to compel waiver of privilege with regard to the RIF worksheet should be denied.

## V.    CONCLUSION

As the privilege log entry Brand provided for the RIF worksheet makes clear, the document is protected by attorney-client privilege.  To the extent the original privilege log entry was not sufficiently detailed, Brand has remedied the deficiency by way of its supplemental entry.  Accordingly, Plaintiff's motion should be denied and production of the RIF worksheet should not be compelled.

//

//

//

//

//

//

//

//

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 7
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1        Respectfully submitted this 3rd day of October, 2022.

2

3                          SEYFARTH SHAW LLP

4

5                      By:   */s Emma Kazaryan*
                              Helen M. McFarland, WSBA No. 51012

6                               Emma Kazaryan, WSBA No. 49885
                              999 3rd Avenue, Ste. 4700

7                               Seattle, WA 98104
                              P: (206) 946-9423

8                               F: (206) 299-9974
                              hmcfarland@seyfarth.com

9                               ekazaryan@seyfarth.com

10                               *Attorneys for Defendant Brand Shared*
                              *Services, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 8
(CAUSE NO. 2:21-CV-00754 MLP)

1

**CERTIFICATE OF SERVICE**

2       I hereby declare that on this 3rd day of October, 2021, I caused a copy of ***Defendant***

3 ***Brand Shared Services, LLC's Response in Opposition to Plaintiff's Motion to Compel*** to be

4 electronically filed with the Court using ECF-Filing system which will send notification of such

5 filing to the following:

6       Alexander J. Higgins
       Law Offices of Alex J. Higgins
7       2200 6th Avenue, Ste. 500
       Seattle, WA 98121
8       P: (206) 340-4856
       alex@alexjhiggins.com
9

10       Cody Fenton- Robertson
       Bean Law Group
11       2200 6th Avenue, Ste. 500
       Seattle, WA 98121
12       P: (206) 5220618
       cody@beanlawgroup.com
13

14

15                                        *s/ Valerie Macan*
                                          Valerie Macan
16

17

18

19

20

21

22

23

24

25

26
DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL - 9
(CAUSE NO. 2:21-CV-00754 MLP)