HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NANNETTE BASA, an individual,<br><br>         Plaintiff,<br><br>   v.<br><br>BRAND SHARED SERVICES, LLC, a Delaware corporation,<br><br>         Defendant. | Case No. 2:21-cv-00754 MLP<br><br>DECLARATION OF EMMA KAZARYAN IN SUPPORT OF DEFENDANT BRAND SHARED SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL<br><br>**HEARING DATE:**<br>**October 7, 2022** |

I, Emma Kazaryan, hereby declare:

1.      I am one of the attorneys of record for Defendant Brand Shares Services, LLC ("Brand") in the above-captioned matter.  I am over the age of eighteen and competent to testify in this matter.  I base this declaration on my personal knowledge and on my review of the file maintained by my law firm in connection with this matter.  That file is kept in the ordinary course of business and is timely and regularly updated.

Case Background

2.      As Plaintiff concedes, Brand terminated Plaintiff as part of a layoff in December 2020.  She has admitted in deposition that the work she was doing was being outsourced to an outside vendor, that nobody at Brand ever made any ageist or racist comments to her, and that

1  Brand made other retention and hiring decisions that contradict her specious discrimination

2  claims.  Attached to my declaration as **Exhibit A** are true and correct excerpts from Plaintiff's

3  deposition transcript.

4      3.      Attached to my declaration as **Exhibit B** are true and correct copies of text

5  messages that Plaintiff produced in the course of discovery wherein she talks about not being in a

6  rush to find a job following her layoff because she is collecting unemployment benefits and

7  enjoying being a "trophy wife."

8      4.      Plaintiff was unemployed for about a year before she fully mitigated her damages.

9  During that time, she did contract work that offsets her economic damages.  True and correct

10  copies of Plaintiff's discovery responses stating the same are attached to my declaration as

11  **Exhibit C**.

12  Discovery in this Case

13      5.      In the course of discovery in this case, Plaintiff has propounded five sets of

14  discovery requests comprised of 14 interrogatories and 19 requests for production.

15      6.      In response to Plaintiff's extensive discovery requests, Brand has produced

16  62,456 pages of documents, the vast majority of which are emails that Brand duly preserved.

17      7.      Brand has also cooperated with the seven depositions Plaintiff has already taken

18  in this case.

19      8.      In addition to the depositions that have already been taken, Plaintiff is seeking

20  five additional depositions (including a multi-topic CR 30(b)(6) deposition).

21      9.      At Plaintiff's counsel's request, we have had at least nine discovery conferences

22  in the course of this case:

23      •      January 6, 2022
    •      February 23, 2022

24      •      April 18, 2022
    •      June 7, 2022

25      •      July 27/July 28, 2022 (continuation of conference from previous day)

26  DECLARATION OF EMMA KAZARYAN IN SUPPORT OF
DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL - 2
(CAUSE NO. 2:21-CV-00754 MLP)

- August 5, 2022
- August 30, 2022
- September 8, 2022 (conference immediately following deposition)
- September 27, 2022

Privilege Log

10.     On September 9, 2022, I provided Plaintiff's counsel with a privilege log. Attached to my declaration as **Exhibit D** is a true and correct copy of the privilege log.

11.     On September 12, 2022, Plaintiff's counsel requested additional information regarding the privilege log.  He wrote:

> This not adequate.  With regards to the privileged communications on or around December 4, 2020, please provide the names of the lawyers and the names of the Brand representatives who were privy (either as addressees or ccs) on the communications along with the mode of communication (e.g. emails, Teams, texts) and the dates.

Attached to my declaration as **Exhibit E** is a true and correct copy the email from Plaintiff's counsel.

12.     On September 19, 2022, Plaintiff's counsel emailed again regarding the privilege log issue.  He did not request a discovery conference at that time or indicate that he would be filing a motion to compel.  Attached to my declaration as **Exhibit F** is a true and correct copy the email from Plaintiff's counsel.

13.     On September 22, 2022, Plaintiff's counsel filed a motion to compel related to the privilege log.

14.     On September 27, 2022, I provided Plaintiff's counsel with a supplemental privilege log that included the information requested.  Attached to my declaration as **Exhibit G** is a true and correct copy of the supplemental privilege log.

15.     On September 28, 2022, Plaintiff's counsel indicated that if the document at issue

DECLARATION OF EMMA KAZARYAN IN SUPPORT OF
DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL - 3
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1    was produced, he would seek to take the deposition of Brand's former in-house counsel to

2    inquire about the legal advice she provided regarding this document.

3        16.    On October 3, 2022, following the Court's order requiring the parties to meet and

4    confer, counsel for Plaintiff and Brand met and conferred about the supplemental privilege log.

5    During that call, my colleague Helen McFarland asked Plaintiff's counsel what further

6    information was necessary and why Plaintiff's counsel was insisting on seeking this privileged

7    communication.  Plaintiff's counsel responded that he was looking for "metadata" about when

8    the document was created and how it was transmitted or shared with the in-house attorney.

9

10        17.    Following the parties' conference, Plaintiff's counsel sent an email to me and Ms.

11    McFarland reiterating that he needs "metadata" for the privilege log "as contemplated by the

12    Model ESI order."  Attached to my declaration as **Exhibit H** is a true and correct copy of the

13    email.

14

15        18.    I responded to point out that the Model ESI agreement does not require provision

16    of metadata for purposes of a privilege log, it simply says that parties may use metadata to

17    generate a privilege log.  I quoted the relevant language from the Model ESI agreement and

18    linked the model agreement for easy reference.  Attached to my declaration as Attached to my

19    declaration as **Exhibit I** is a true and correct copy of the email.

20

21        19.    Brand has already provided information about the date of the document, how it

22    was shared with the in-house attorney, and the context in which it was shared.

23    //

24    //

25    //

26    DECLARATION OF EMMA KAZARYAN IN SUPPORT OF
DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL - 4
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1

2

     *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.*

3

     Signed in Seattle, Washington this 3rd day of October, 2022.

4

5

                                *s/ Emma Kazaryan*
                                Emma Kazaryan, WSBA No. 49885

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF EMMA KAZARYAN IN SUPPORT OF
DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL - 5
(CAUSE NO. 2:21-CV-00754 MLP)

1

## CERTIFICATE OF SERVICE

2       I hereby declare that on this 3rd day of October, 2022, I caused a copy of ***Declaration of***

3 ***Emma Kazaryan in Support of Defendant's Response in Opposition to Plaintiff's Motion to***

4 ***Compel*** to be electronically filed with the Court using ECF-Filing system which will send

5 notification of such filing to the following:

6
       Alexander J. Higgins
7       Law Offices of Alex J. Higgins
       2200 6th Avenue, Ste. 500
8       Seattle, WA 98121
       P: (206) 340-4856
9       alex@alexjhiggins.com

10      Cody Fenton- Robertson
       Bean Law Group
11     2200 6th Avenue, Ste. 500
       Seattle, WA 98121
12     P: (206) 5220618
13     cody@beanlawgroup.com

14

15                         *s/ Valerie Macan*
                         Valerie Macan

16

17

18

19

20

21

22

23

24

25

26
DECLARATION OF EMMA KAZARYAN IN SUPPORT OF
DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL - 6
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

# Exhibit A

# Deposition of Nannette Basa

# Basa v. Brand Shared Services, LLC

# April 5, 2022



**206.287.9066  I  800.846.6989**
1325 Fourth Avenue, Suite 1840, Seattle, Washington 98101
www.buellrealtime.com
email: info@buellrealtime.com



Basa v. Brand Shared Services, LLC                    Nannette Basa

Page 1

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

_____

NANNETTE BASA, an individual,    )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )   CASE NO.:
                                 )   2:21-cv-00754 JLR
BRAND SHARED SERVICES, LLC, a    )
Delaware corporation,            )
                                 )
          Defendant.             )
                                 )
_____

VIDEOCONFERENCE DEPOSITION UPON

ORAL EXAMINATION OF

NANNETTE BASA

_____

9:27 A.M.

APRIL 5, 2022

WITNESS LOCATION:  SEATTLE, WASHINGTON

(All participants appearing via videoconference.)

REPORTED BY:  SALLY J. HANDS, CCR 2191

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

343ebadd-a87c-42e3-8164-3ac544e858c9

Basa v. Brand Shared Services, LLC                    Nannette Basa

Page 108

1       A.  I took care of all of the accounting, all
2  the -- and I worked with AP to make sure the vendors
3  got paid.
4       Q.  At some point, did you hire a vendor to work
5  directly with VNDLY and make sure all these different
6  contingent workers were paid?
7       A.  They -- I think they got a managed service
8  provider to take care of that.
9       Q.  Do you know the name of that managed service
10 provider?
11      A.  nextSource.
12      Q.  When did they get nextSource?  Was it --
13      A.  It was after I left.
14      Q.  How did you know that they used nextSource to
15 start managing the contingent labor force?
16      A.  Because we had started talking about it while
17 I was still there.
18      Q.  Who were you talking about it with?
19      A.  Well, I don't know if I was talking about it.
20 Karen told me they were doing it.
21      Q.  What's your understanding of what nextSource
22 was going to do?
23      A.  They were going to act as a managed service
24 provider, the third-party that would take the part that
25 I was doing in the contingent labor program.

343ebadd-a87c-42e3-8164-3ac544e858c9

Basa v. Brand Shared Services, LLC                          Nannette Basa

Page 115

1       Q.  How many interviews do you think you were
2    doing in the last six months that you were working for
3    Brand?
4       A.  How many interviews?
5       Q.  (Nodding.)
6       A.  I couldn't tell you.  But I would say, you
7    know, I'm looking at thousands of resumes.  I'm talking
8    to -- when I interview people, I would probably say
9    there wasn't a day where I didn't interview at least
10   one person.
11      Q.  So you interviewed somebody at least every
12   day, you think, every day that you worked for
13   BrandSafway in the last --
14      A.  Absolutely.
15      Q.  -- six months?
16      A.  Yes.
17      Q.  Would those be contingent workers too?
18      A.  Could be.
19      Q.  Did anybody ever say anything negative to you
20   because of your race?
21      A.  No.
22      Q.  Anyone ever make fun of you because of your
23   race?
24      A.  No.
25      Q.  Did anyone ever make fun of you because of

BUELL REALTIME REPORTING, LLC
206.287.9066  I  800.846.6989

343ebadd-a87c-42e3-8164-3ac544e858c9

Basa v. Brand Shared Services, LLC                    Nannette Basa

Page 116

1   your age?

2        A.   No.

3        Q.   Did anyone ever say anything negative to you

4   related to your age?

5        A.   Did you say "say"?

6        Q.   Yes.

7        A.   Say, no.

8        Q.   Did anyone do anything nonverbal that you

9   determined to be making fun of you because of your age?

10       A.   I don't know how to answer that.

11       Q.   Why not?

12       A.   Well, I think -- I'm data-driven.  And I look

13  at the data and I look how I was treated and I don't

14  know any other reason why.

15            MR. HIGGINS:  I don't think she heard

16  your question.  But go ahead.

17       A.   Can you rephrase that question, then?

18       Q.   (BY MS. McFARLAND)  I believe my question was,

19  did anyone ever do anything that's a nonverbal

20  communication that you considered to be making fun of

21  you because of your age?

22       A.   Well, I think -- I think not ignoring -- when

23  you are ignoring someone and you don't take their input

24  is a reasoning.  When you don't know any other reason,

25  it is hard for me not to reflect and go, it was because

Basa v. Brand Shared Services, LLC                      Nannette Basa

Page 168

1    more of a stacking the deck with her friends, but just
2    as crappy a thing to do to people who have worked for a
3    company for as long as you."
4          And you respond:  "Yes, that's what I sort of
5    thought, but April, Kristen, they were accepted."
6          This is April Wright?
7      A.   Yeah.  That's where I kind of view things.
8    April and Kristen were both under 30, and they got to
9    stay.  They weren't laid off.
10     Q.   What's April's title now?
11     A.   Excuse me?
12     Q.   What's April's title?
13     A.   It was HR compliance.
14          Oh, April.  I'm sorry.  April was HR
15   generalist.
16     Q.   Is that what she still is?
17     A.   She's no longer there.
18     Q.   When did she leave?
19     A.   I don't know.
20     Q.   Do you know if she was laid off?
21     A.   She's not laid off.
22     Q.   Do you know if she was terminated?
23     A.   She was not terminated.
24     Q.   How do you know?
25     A.   I talked -- she found a different job.

343ebadd-a87c-42e3-8164-3ac544e858c9

Basa v. Brand Shared Services, LLC                    Nannette Basa

Page 169

1    Q.  What was April's race?
2    A.  She was white -- sorry.  April is black.
3    Q.  And Kristen, what's Kristen's title?
4    A.  She was an HR compliance analyst.
5    Q.  And is Kristen...?
6    A.  Della Sala.
7    Q.  Della Sala.  Okay.
8        What's her race?
9    A.  I don't know.  She looks white.
10   Q.  Is she still with the company?
11   A.  No.
12   Q.  When did she leave?
13   A.  I don't know.
14   Q.  Do you know if she was terminated?
15   A.  I heard she was not.
16   Q.  Who did you hear that from?
17   A.  April.
18   Q.  When did you hear it from April about what
19   happened to Kristen?
20   A.  She's no longer there.
21   Q.  Did she tell you why she left?
22   A.  She left on her own.
23   Q.  Did she tell you why she left?
24   A.  No.  Okay.
25            MS. McFARLAND:  Okay.  Let's go to

343ebadd-a87c-42e3-8164-3ac544e858c9

Basa v. Brand Shared Services, LLC                    Nannette Basa

Page 173

1      A.  And retained.

2      Q.  And retained?

3      A.  Yes.

4      Q.  Are you aware of any hiring or termination

5  decisions Brand made that contradict with your theory

6  that you were fired due to your race or age?

7      A.  Can you repeat that question?

8      Q.  Are you aware of any hiring or termination

9  decisions that Brand made that contradict your theory

10 that you were fired due to your race and age?

11     A.  No.

12     Q.  Are you aware of Brand retaining any employees

13 that were your age or older at the time you were laid

14 off?

15     A.  On the severance letter on that -- I'm sorry,

16 O -- what do you call that?  The list of those who were

17 chosen -- and I can't remember her name.  A coordinator

18 that was retained and she was black and older.  She was

19 an HR coordinator.

20     Q.  Did she work in Atlanta -- or in Georgia?

21     A.  Yes.

22     Q.  Are you aware of Brand hiring any employees

23 that were your age or older after you were laid off?

24     A.  No.

25     Q.  Do you know who Brand hired after you were

343ebadd-a87c-42e3-8164-3ac544e858c9

Basa v. Brand Shared Services, LLC                    Nannette Basa

Page 175

1          A.   I don't know.

2                  MS. McFARLAND:   Let look at Exhibit 16.

3                  (Deposition Exhibit 16 was presented

4                  virtually and later marked.)

5          Q.   (BY MS. McFARLAND)   Do you recognize

6     Exhibit 16?

7          A.   Yes.   Another text between Jennifer Reardon

8     and I.

9          Q.   Okay.   This reads:   "The other thing is, um,

10    curious if they hired an older Asian Pacific Islander,

11    then does it hurt my discrimination part."   I mean from

12    a recruiter's perspective that's what I would

13    recommend."

14                 And then Jennifer said:   "I guess it would

15    depend on if they backfill at all."

16                 You added:   "They already added one a few

17    months ago, but not sure if he is a contractor or

18    hired."

19                 Do you know who you are referring there?

20         A.   That was Anita.

21         Q.   Anita who?

22         A.   I can't remember her last name.

23         Q.   How did you know Anita was hired?

24         A.   She was a contractor that had worked

25    previously.

BUELL REALTIME REPORTING, LLC
206.287.9066  |  800.846.6989

343ebadd-a87c-42e3-8164-3ac544e858c9

Basa v. Brand Shared Services, LLC                    Nannette Basa

Page 176

1      Q.  And she was a person -- she was an Asian?
2      A.  She was Asian, half Asian.
3              MS. McFARLAND:  Can we go to Exhibit 17,
4   please.
5              (Deposition Exhibit 17 was presented
6                virtually and later marked.)
7      Q.  (BY MS. McFARLAND)  Do you recognize
8   Exhibit 17?  Do you recognize these texts?
9      A.  Yes.
10     Q.  Who are they with?
11     A.  Kim Hunt.
12     Q.  Was Kim Hunt still working for Brand at the
13  time you were texting?
14     A.  No.
15     Q.  The first thing you -- was Kim laid off?
16     A.  No.  She was pushed out, though.
17     Q.  When was she pushed out?
18     A.  Around the same time of my layoff.
19     Q.  What do you mean, "She was pushed out"?
20     A.  They had given her -- she was getting pushed
21  down in the organization.  They had hired one person
22  over her and then another person over her.
23     Q.  Who was hired over her?
24     A.  First there was -- and I can't remember his
25  last name, Bjorn.  And then after that she was given

343ebadd-a87c-42e3-8164-3ac544e858c9

Basa v. Brand Shared Services, LLC                    Nannette Basa

Page 186

1                        C E R T I F I C A T E

2

3        STATE OF WASHINGTON

4        COUNTY OF PIERCE

5

6            I, SALLY HANDS, a Certified Court Reporter in and

7        for the State of Washington, do hereby certify that the

8        foregoing transcript of the deposition of NANNETTE BASA,

9        having been duly sworn, on April 5, 2022, is true and

10       accurate to the best of my knowledge, skill and ability.

11           IN WITNESS WHEREOF, I have hereunto set my hand

12       and seal this 31st day of May, 2022.

13

14

15

16

17       _____
         Sally Hands, CCR 2191

18

19       My commission expires:

20       JANUARY 28th, 2023

21

22

23

24

25

343ebadd-a87c-42e3-8164-3ac544e858c9

# Exhibit B

4/9/2021 10:13 AM

Connie Rogers (4042716706)

Its feast or famine around here. Last week was fairly quite. This week I have 5 companies interested in me. The Easter Seals is last on my list because its temp, but they needs someone next week. The other 4 are perm roles and as you know they may or may not end up filling the role. I had one today set up to interview me and they called to say they had a former employee take the role.

4/9/2021 10:14 AM

Nannette's iPhone (+14259510818)

I sort of like being Dennis' trophy wife,

4/9/2021 10:16 AM (Viewed 9/9/2021 2:12 PM)

Connie Rogers (4042716706)

Enjoy it and find the right job when you want to return to the rat race.

11/5/2021 11:56 AM (Viewed 11/5/2021 2:02 PM)

Connie Rogers (4042716706)

Hi Nanette, Just letting you know I have changed jobs. I am now at BlueLinx in Marietta. EA to the CFO. Hopefully we can catch up soon.

11/5/2021 2:03 PM

Nannette's iPhone (+14259510818)

EA is where you need to be. I hope you and your boss are a good team

11/5/2021 2:38 PM

Connie Rogers (4042716706)

I believe we will be great together. She previously worked for GE, so we both have the same mindset.

11/15/2021 12:59 PM

Nannette's iPhone (+14259510818)

Can I call you later?

11/15/2021 12:59 PM (Viewed 11/15/2021 1:49 PM)

Connie Rogers (4042716706)

Yes. Any time

You have 46 total messages and 4 total images.

BASA_000688

Kim Hunt (7179198399)



6/30/2021 12:31 PM

Nannette's iPhone (+14259510818)

Actually I don't care too much if I do or do not get a job. But, I'll be open until September when my unemployment runs out

6/30/2021 12:32 PM (Viewed 6/30/2021 3:15 PM)

Kim Hunt (7179198399)

Liked "Actually I don't care too much if I do or do not get a job. But, I'll be open until September when my unemployment runs out"

9/9/2021 2:06 PM

Nannette's iPhone (+14259510818)

Hi your VM is full. Just an FYI, my attorney may call you

9/9/2021 5:18 PM (Viewed 9/23/2021 9:25 AM)

Kim Hunt (7179198399)

Ok

9/28/2021 8:50 AM

Nannette's iPhone (+14259510818)

Hi, could you call me when you have time? I wanted to get your insight on test assessment data and using to target weaknesses - then decide if can provide learning opportunities to overcome or something that should accept as weaknesses

10/19/2021 1:30 PM (Viewed 10/19/2021 1:31 PM)

Kim Hunt (7179198399)

How is the job?

10/19/2021 1:31 PM

Nannette's iPhone (+14259510818)

I'm contracting for Abbott's MSP Tapfin

10/19/2021 1:32 PM

Nannette's iPhone (+14259510818)

Started 2 weeks ago

10/19/2021 1:32 PM

Nannette's iPhone (+14259510818)

It's good

10/19/2021 1:32 PM

BASA_000819

Sure...just checking in with you

1/22/2021 8:03 AM

Nannette's iPhone (+14259510818)

Am texting back and forth with Tiffany from VNDLY, can I reintroduce you to Shashank, their CEO. He knows a lot of people

1/22/2021 8:59 AM (Viewed 1/22/2021 9:00 AM)

Thomas Yuhas (6308035737)

Absolutely! Would love the opportunity to network with Shashank.

1/22/2021 9:02 AM

Nannette's iPhone (+14259510818)

Can you email me your resume? Nannettekbasa@gmail.com

1/26/2021 7:40 AM (Viewed 1/26/2021 9:02 AM)

Thomas Yuhas (6308035737)

Hey Nannett! Just sent over my resume. Looking forward to connecting with you a Shashank.

1/26/2021 7:40 AM (Viewed 1/26/2021 9:02 AM)

Thomas Yuhas (6308035737)

Does he have any work for you?

1/26/2021 9:41 AM

Nannette's iPhone (+14259510818)

Short answer, no I didn't ask him for myself...and unemployment in the state of Washington makes it relatively easy for me not to rush into something with the added benefit of being married to Dennis

3/30/2021 11:11 AM

Thomas Yuhas (6308035737)

In a meeting. I'll call you back shortly

3/30/2021 11:12 AM

Nannette's iPhone (+14259510818)

Ok, just checking up on both of our mental health

3/30/2021 2:17 PM

Nannette's iPhone (+14259510818)

When you do call me back...remind me. I have some suggestions for you on your job search

5/4/2021 9:52 AM

Nannette's iPhone (+14259510818)

BASA_000874

HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NANNETTE BASA, an individual,<br><br>                 Plaintiff,<br><br>v.<br><br>BRAND SHARED SERVICES, LLC, a<br>Delaware corporation,<br><br>                 Defendant. | Case No. 2:21-cv-00754 MLP<br><br>DEFENDANT'S FIRST SET OF<br>INTERROGATORIES AND REQUESTS<br>FOR PRODUCTION TO PLAINTIFF<br>**WITH ANSWERS AND OBJECTIONS<br>THERERTO** |

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant Brand

Shared Services, LLC ("Brand"), by and through its undersigned attorneys of record, requests

that that Plaintiff Nannette Basa answer the following interrogatories and produce and permit

Brand or its representative to inspect, copy, test, or sample the items identified in the requests

below.

## **DEFINITIONS**

The following definitions apply to these Interrogatories and Requests for Production:

Law Offices of Alex J. Higgins
2200 6th Ave, Suite 500
Seattle, WA 98121
(206) 340-4856

Her search was open to jobs in all industries, not just industrial services.  She applied to both contract and full time opportunities.  She did not decline any jobs based on salary.  In Oct. 2021, she accepted a contract opportunity as a Resource Professional for Abbott at $30/hr.

**INTERROGATORY NO.7:**          Please state with specificity all damages (including, without limitation, economic and non-economic damages) you are claiming in this lawsuit.

**ANSWER:**

Plaintiff seeks compensatory damages and punitive damages.  The compensatory damages include special damages for back pay and the value of lost health benefits, and general damages for emotional distress.

Defendant paid Plaintiff a salary of $100,000/year.  Defendant terminated Plaintiff's employment on December 8, 2020.

Defendant hired Nicole Norris—an external candidate—on January 15, 2020.  It is believed she began work on or about February 17, 2020.  Ms. Norris was paid a salary of $134,000, and was given a "sign on bonus" of $20,000.  Plaintiff should have been hired into this position.  Therefore, Plaintiff calculates her back pay damages as beginning on February 17, 2020.

Plaintiff began employment paying more than $134,000/year on February 21, 2022. Therefore, Plaintiff has two years of damages totaling $288,000 before factoring for interim earnings.

From February 17, 2020, until December 8, 2020, Plaintiff continued to work for Defendant at a salary of $100,000.  During this 42-week period, Plaintiff earned an estimated $80,770.

From September 27, 2021, until February 18, 2022, Plaintiff worked as a contractor for Prokatchers LLC.  She earned $14,400 in that role in calendar year 2021, and earned an additional 10,027.50 in 2022.

Accounting for the above interim earnings, Plaintiff's back pay damages are **$182,802.50**.

Defendant offered Plaintiff a 401k with employer matching contributions.  Plaintiff does not currently have specific details for the 401k, but Plaintiff intends to claim the employer-match amount as damages.

Damages for emotional distress cannot be calculated with precision.

Punitive damages are to be determined by the trier of fact.

DEFENDANT'S first SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO PLAINTIFF - 8

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

79036524v.1

**PARTY CERTIFICATION**

I, Nannette Basa, hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing responses to ***Defendant's First Set of Interrogatories and Requests for Production to Plaintiff*** are true and correct to the best of my knowledge.

Signed in _Seattle_, WA this 24ᵗʰ day of _March_, 2022.

_____
Nannette Basa

**ATTORNEY CERTIFICATION**

The undersigned attorney for plaintiff has read the foregoing answers and responses and they are in compliance with CR 26(g).

Dated this _____ day of _____, 2022.

_____

DEFENDANT'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO PLAINTIFF - 12

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

79036524v.1

1

2

3

4

5

6

7

8

9

1

0

1

1

1

2

1

3

1

4

1

5

**PARTY CERTIFICATION**

I, Nannette Basa, hereby declare under penalty of perjury under the laws of the State of

Washington that the foregoing responses to *Defendant's First Set of Interrogatories and*

*Requests for Production to Plaintiff* are true and correct to the best of my knowledge.

Signed in _____, _____ this _____ day of _____, 2022.

_____
Nannette Basa

**ATTORNEY CERTIFICATION**

The undersigned attorney for plaintiff has read the foregoing answers and responses and

they are in compliance with CR 26(g).

Dated this _24_ day of _March_____, 2022.

_____
Cody Fenton- Robertson

DEFENDANT'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO PLAINTIFF - 12

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

79036524v.1

# Exhibit D

*Basa v. Brand*
**Defendant's Privilege Log**

| No. | Document Type | Date of Document | Description | Category of Privilege |
|---|---|---|---|---|
| 1 | Emails | Ongoing since approximately 2021 | Emails between Brand employees and Seyfarth Shaw related to Nannette Basa and this litigation | Attorney-Client privilege, Work Product privilege |
| 2 | Emails | Ongoing since approximately 2021 | Emails between Brand in-house counsel (including, without limitation, Theresa Mcdaniel and Gareth Carline) and Brand employees related to Nannette Basa and this litigation | Attorney-Client privilege, Work Product privilege |
| 3 | Timeline | No date; provided to counsel in or around December 2021 | Timeline prepared by Brand employee(s) for Seyfarth Shaw for purposes of this litigation | Attorney-Client privilege, Work Product privilege |
| 4 | Corporate RIF Worksheet | December 4, 2020 | Corporate RIF Worksheet prepared by Brand employee(s) in anticipation of discussion with Brand in-house counsel regarding reduction-in-force | Attorney-Client privilege |
| 5 | Emails | 2019-2020 | Emails between Brand employees and Brand in-house counsel (including, without limitation, Rachel Retzke and Ashley Merritt) regarding various third-party partner and vendor contracts | Attorney-Client privilege |

# Exhibit E

**Kazaryan, Emma J.**

| | |
|---|---|
| **From:** | Alexander Higgins <alex@alexjhiggins.com> |
| **Sent:** | Monday, September 12, 2022 3:08 PM |
| **To:** | Kazaryan, Emma J.; Cody Fenton-Robertson |
| **Cc:** | McFarland, Helen M. |
| **Subject:** | Re: Basa v. Brand -- Privilege Log |
| | |
| **Categories:** | Done |

**This Message Is From an External Sender**

This message came from outside your organization.

Emma,

This is not adequate.  With regards to privileged communications on or about December 4, 2020, please provide the names of the lawyers and the names of the Brand representatives who were privy (either as addressees or ccs) on the communications, along with the mode of communication (e.g., emails, Teams, texts) and the dates.

I'm not sure we need that level of detail with the other privileged communications, but I doubt it.

-Alex


*Law Offices of Alex J. Higgins*
*Labor & Employment Law*
2200 Sixth Ave., Suite 500
Seattle, WA 98121
206.340.4856
206.518.3698 (mobile)
206.260.8803 (fax)
alex@alexjhiggins.com
www.alexjhiggins.com [alexjhiggins.com]

CONFIDENTIALITY NOTICE: This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. If you have received this communication in error, please notify this firm immediately by reply to this communication.

**From:** "Kazaryan, Emma J." <ekazaryan@seyfarth.com>
**Date:** Friday, September 9, 2022 at 4:48 PM
**To:** Alexander Higgins <alex@alexjhiggins.com>, Cody Fenton-Robertson <cody@beanlawgroup.com>
**Cc:** "McFarland, Helen M." <hmcfarland@seyfarth.com>
**Subject:** Basa v. Brand -- Privilege Log


Good afternoon Alex and Cody,

Please find attached Brand's privilege log and please let me know if you have any questions or concerns.

Best,
Emma


**Emma Kazaryan** | Associate | Seyfarth Shaw LLP
999 Third Avenue | Suite 4700 | Seattle, Washington 98104-4041
Direct: +1-206-946-4978 | Mobile: +1-206-883-4584 | Fax: +1-206-299-9664
ekazaryan@seyfarth.com | http://www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# **Exhibit F**

**Kazaryan, Emma J.**

| | |
|---|---|
| **From:** | Alexander Higgins <alex@alexjhiggins.com> |
| **Sent:** | Monday, September 19, 2022 8:10 AM |
| **To:** | Kazaryan, Emma J.; Cody Fenton-Robertson |
| **Cc:** | McFarland, Helen M. |
| **Subject:** | Re: Basa v. Brand -- Privilege Log |
| | |
| **Categories:** | Done |

**This Message Is From an External Sender**

This message came from outside your organization.

Emma,

I have waited for a week to hear your response to my email below.  Please advise.

-Alex

*Law Offices of Alex J. Higgins*
*Labor & Employment Law*
2200 Sixth Ave., Suite 500
Seattle, WA 98121
206.340.4856
206.518.3698 (mobile)
206.260.8803 (fax)
alex@alexjhiggins.com
www.alexjhiggins.com [alexjhiggins.com]

CONFIDENTIALITY NOTICE: This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. If you have received this communication in error, please notify this firm immediately by reply to this communication.

**From:** Alexander Higgins <alex@alexjhiggins.com>
**Date:** Monday, September 12, 2022 at 3:08 PM
**To:** "Kazaryan, Emma J." <ekazaryan@seyfarth.com>, Cody Fenton-Robertson <cody@beanlawgroup.com>
**Cc:** "McFarland, Helen M." <hmcfarland@seyfarth.com>
**Subject:** Re: Basa v. Brand -- Privilege Log

Emma,

This is not adequate.  With regards to privileged communications on or about December 4, 2020, please provide the names of the lawyers and the names of the Brand representatives who were privy (either as addressees or ccs) on the communications, along with the mode of communication (e.g., emails, Teams, texts) and the dates.

I'm not sure we need that level of detail with the other privileged communications, but I doubt it.

-Alex


*Law Offices of Alex J. Higgins*
*Labor & Employment Law*
2200 Sixth Ave., Suite 500
Seattle, WA 98121
206.340.4856
206.518.3698 (mobile)
206.260.8803 (fax)
alex@alexjhiggins.com
www.alexjhiggins.com [alexjhiggins.com]

CONFIDENTIALITY NOTICE: This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. If you have received this communication in error, please notify this firm immediately by reply to this communication.


**From:** "Kazaryan, Emma J." <ekazaryan@seyfarth.com>
**Date:** Friday, September 9, 2022 at 4:48 PM
**To:** Alexander Higgins <alex@alexjhiggins.com>, Cody Fenton-Robertson <cody@beanlawgroup.com>
**Cc:** "McFarland, Helen M." <hmcfarland@seyfarth.com>
**Subject:** Basa v. Brand -- Privilege Log


Good afternoon Alex and Cody,

Please find attached Brand's privilege log and please let me know if you have any questions or concerns.

Best,
Emma

**Emma Kazaryan** | Associate | Seyfarth Shaw LLP
999 Third Avenue | Suite 4700 | Seattle, Washington 98104-4041

Direct: +1-206-946-4978 | Mobile: +1-206-883-4584 | Fax: +1-206-299-9664
ekazaryan@seyfarth.com | http://www.seyfarth.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# Exhibit G

*Basa v. Brand*
**Defendant's Privilege Log**

| No. | Document Type | Date of Document | Description | Category of Privilege |
|---|---|---|---|---|
| 1 | Emails | Ongoing since approximately 2021 | Emails between Brand employees and Seyfarth Shaw related to Nannette Basa and this litigation | Attorney-Client privilege, Work Product privilege |
| 2 | Emails | Ongoing since approximately 2021 | Emails between Brand in-house counsel (including, without limitation, Theresa Mcdaniel and Gareth Carline) and Brand employees related to Nannette Basa and this litigation | Attorney-Client privilege, Work Product privilege |
| 3 | Timeline | No date; provided to counsel in or around December 2021 | Timeline prepared by Brand employee(s) for Seyfarth Shaw for purposes of this litigation | Attorney-Client privilege, Work Product privilege |
| 4 | Corporate RIF Worksheet | December 4, 2020 | Corporate RIF Worksheet prepared by Brand employee for Brand in-house counsel seeking legal guidance on 2020 reduction-in-force<br><br>•   <u>Author of the worksheet</u>: Michelle Roman;<br><br>•   <u>Name of the in-house attorney</u>: Theresa McDaniel;<br><br>•   <u>Nature of the advice sought</u>: The worksheet identified the employees who had been selected for layoff and information about why each employee was selected. The worksheet was created to relay information to legal counsel and evaluate legal risk related to the layoff decisions. | Attorney-Client privilege |
| 5 | Emails | 2019-2020 | Emails between Brand employees and Brand in-house counsel (including, without limitation, Rachel Retzke and Ashley Merritt) regarding various third-party partner and vendor contracts. | Attorney-Client privilege |

# Exhibit H

**Kazaryan, Emma J.**

---

| | |
|---|---|
| **From:** | Alexander Higgins <alex@alexjhiggins.com> |
| **Sent:** | Monday, October 3, 2022 3:51 PM |
| **To:** | McFarland, Helen M.; Kazaryan, Emma J. |
| **Cc:** | Cody Fenton-Robertson |
| **Subject:** | Re: Basa v. Brand:  Depositions and CR 37 on Defendant's Supplemental Answers to Plaintiff's Third Discovery |

---

**This Message Is From an External Sender**
This message came from outside your organization.

---

Helen and Emma,

I am writing to confirm the discussion today.

<u>Depositions</u>.

As for our additional depositions of (Mike Krach and Heather Morrison), you are agreeable given that these will be quite short.  Please provide us with possible dates.  (We could do them the same day as Meg Newman.)

Also, please send over available dates for the 30b6.

<u>Motion on Spoliation.</u>
- You report that you have previously looked and have not found anything.
- I pointed out that Michelle Roman's testimony was that she did not search until July 2022.  As of June 13, 2022, Ms. Riapos had not searched.
- So, I asked when you preserved text messages.  You responded that the date is "privileged."  I disagreed.
- You also acknowledged that Rod B's responsive text messages were not preserved but you are trying to recover those.
- You are also trying to find Rob B's supervisory file.

<u>Motion to Compel (Privilege Log)</u>
    You wanted to know if your revised log was sufficient.  I said that we still need the meta-data as contemplated by the Model ESI order.   You also indicated that the worksheet was not electronically transmitted but it was hand-delivered to Theresa McDaniel.  I reiterated the "dual-purpose" principle and that we cannot tell whether the worksheet was for the primary purpose of seeking legal advice given what we have so far.

I also pointed out that the lack of documentation about the reason for Ms. Basa's selection for layoff makes this document particularly important.

<u>Rogs 8 and 9.</u>
    Combative communications.

1

Untimely work product.

You reported that you are working on supplementing that with more detail.

Thanks,
Alex


*Law Offices of Alex J. Higgins*
*Labor & Employment Law*
2200 Sixth Ave., Suite 500
Seattle, WA 98121
206.340.4856
206.518.3698 (mobile)
206.260.8803 (fax)
alex@alexjhiggins.com
www.alexjhiggins.com [alexjhiggins.com]

CONFIDENTIALITY NOTICE: This communication is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this communication by someone other than the intended addressee or its designated agent is strictly prohibited. If you have received this communication in error, please notify this firm immediately by reply to this communication.

---

**From:** Alexander Higgins <alex@alexjhiggins.com>
**Date:** Wednesday, September 28, 2022 at 12:22 PM
**To:** "McFarland, Helen M." <hmcfarland@seyfarth.com>, "Kazaryan, Emma J." <ekazaryan@seyfarth.com>
**Cc:** Cody Fenton-Robertson <cody@beanlawgroup.com>
**Subject:** Re: Basa v. Brand: Depositions and CR 37 on Defendant's Supplemental Answers to Plaintiff's Third Discovery

Helen and Emma,

1. Depositions.
In light of the court's order moving the discovery cutoff another 30 days, I am not going to take any part of the 30(b)(6) tomorrow.

We will proceed with Mr. Dolly today at 2pm and then Mr. Fisher tomorrow at 11am.

In light of the court's ruling, please give us dates for Ms. Newman and the 30b6 topics permitted by the Court.

2. Meet and confer follow up from yesterday on Rogs 8 and 9.

Please provide an update when you can.

3. Meet and confer as ordered by the court today.

# Exhibit I

**Kazaryan, Emma J.**

| | |
|---|---|
| **From:** | Kazaryan, Emma J. |
| **Sent:** | Monday, October 3, 2022 4:45 PM |
| **To:** | 'Alexander Higgins'; McFarland, Helen M. |
| **Cc:** | Cody Fenton-Robertson |
| **Subject:** | RE: Basa v. Brand:  Depositions and CR 37 on Defendant's Supplemental Answers to Plaintiff's Third Discovery |

Good afternoon Alex,

Two notes on the summary below:

- With regard to the supplemental privilege log, I don't think the Model ESI agreement requires provision of metadata, it just says that we can use metadata to generate the privilege log: "For ESI, the privilege log **may be generated using available metadata**, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure." (Emphasis added; linking the ModelESIAgreement.pdf (uscourts.gov) here for your easy reference).  We have already provided information about the date of the document, how it was shared with the in-house attorney, and the context in which it was shared and I don't think there is more to add here.  Can you please take a look and let us know if you agree to strike the motion to compel?

- As Helen said with regard to Rod's file, our client <u>has</u> conducted a diligent search for the file (which we think would be helpful to us) but, despite best efforts, has been unable to find it.

Best,
Emma

**From:** Alexander Higgins <alex@alexjhiggins.com>
**Sent:** Monday, October 3, 2022 3:51 PM
**To:** McFarland, Helen M. <hmcfarland@seyfarth.com>; Kazaryan, Emma J. <ekazaryan@seyfarth.com>
**Cc:** Cody Fenton-Robertson <cody@beanlawgroup.com>
**Subject:** Re: Basa v. Brand: Depositions and CR 37 on Defendant's Supplemental Answers to Plaintiff's Third Discovery

| **This Message Is From an External Sender** |
|---|
| This message came from outside your organization. |

Helen and Emma,

I am writing to confirm the discussion today.

<u>Depositions</u>.

As for our additional depositions of (Mike Krach and Heather Morrison), you are agreeable given that these will be quite short.  Please provide us with possible dates.  (We could do them the same day as Meg Newman.)