1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

NANNETTE BASA, an individual,

            Plaintiff,

   v.

BRAND SHARED SERVICES, LLC, a
Delaware corporation,

            Defendant.

Case No. 2:21-cv-00754 MLP

DEFENDANT BRAND SHARED
SERVICES, LLC'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
SANCTIONS FOR SPOLIATION OF
EVIDENCE

**HEARING DATE:**
**October 7, 2022**

## I.  INTRODUCTION

Brand Shared Services, LLC ("Brand") acknowledges that it has been unable to produce a limited set of discovery in this case related to one of Plaintiff Nannette Basa's ("Plaintiff") former managers: Rod Broschinsky.  Mr. Broschinsky was Plaintiff's manager from March 2018 through approximately December 2019 (a year before the layoff at issue in this case).

Plaintiff moves for sanctions for spoliation of evidence because Brand cannot produce: (1) text messages from Mr. Broschinsky; and (2) Mr. Broschinsky's separate hard copy file that he kept on Plaintiff.  This does not include Plaintiff's official personnel file, which Brand has produced.  Mr. Broschinsky is no longer with Brand and despite its best efforts, Brand cannot locate these documents.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 1
(CAUSE NO. 2:2-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

Brand requests that this Court deny Plaintiff's motion for sanctions because: (i) the lack of preservation was not intentional or motivated by a desire to conceal evidence; and (ii) there is no prejudice to Plaintiff by the loss of these documents. To the contrary, if Brand had these documents, they would be helpful to Brand's defense. Moreover, Plaintiff has already produced all of the text messages she exchanged with Mr. Broschinsky (and none is even remotely relevant to her claims in this litigation).

Brand has been excessively cooperative and forthcoming in this case. It has produced 62,456 pages of documents in this case. It has produced (or agreed to produce) 12 witnesses for deposition, including former employees and a 30(b)(6) witness covering several different categories. Mr. Broschinsky has already been deposed, and he testified regarding the text messages he exchanged with Plaintiff (which had nothing to do with her layoff in 2020 or any claim related to her age or race) and his manager file. Plaintiff cannot demonstrate any harm as a result of these missing documents.

Regardless, Plaintiff is trying to leverage the loss of these unimportant, missing documents to her advantage. She seeks three broad sanctions: (1) a vague, adverse inference jury instruction that "missing evidence would have supported Plaintiff's factual assertions"; (2) an order preventing Brand from using text messages that *Plaintiff* produced in discovery (which is not supported by any caselaw and further demonstrates that the missing documents would have helped Brand); and (3) attorneys' fees and costs. Each of these sanctions is excessively punitive; they are not supported by the case law or justified based upon the facts in this case. Accordingly, Plaintiff's motion should be denied.

## II.    STATEMENT OF MATERIAL FACTS

### A.    Brand Has Duly Preserved and Produced Extensive Records in This Case

To date, Brand has produced 62,456 pages of documents in response to Plaintiff's extensive requests for production. *Declaration of Emma Kazaryan In Opposition to Motion for*

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 2
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

1  *Sanctions* ("*Kazaryan Decl.*"), ¶3.  Brand has answered Plaintiff's numerous and often repetitive

2  interrogatories and cooperated with the seven depositions Plaintiff has already taken in this case.[1]

3  *Kazaryan Decl.*, ¶¶2, 4.

4          The discovery Plaintiff has requested (and Brand has provided) in this matter has been

5  wildly disproportionate to the needs of this case.  Plaintiff was unemployed for about a year

6  before she fully mitigated her damages[2].  *Kazaryan Decl.*, ¶8, Ex B.

7       **B.      The Missing Documents Are Limited To Mr. Broschinsky's Text Messages
                  And His Hard Copy File**

8

9          In this Motion, Plaintiff makes broad reference to Plaintiff's "managers" and implies that

10  Brand withheld or destroyed documents from multiple sources.  However, she only had two

11  managers at Brand: Rod Broschinsky (from March 2018 through December 2019) and Karen

12  Riapos (from December 2019 through December 2020).  As acknowledged above, Brand did

13  not harvest Mr. Broschinsky's text messages when he left the company's employment in

14  October 2021.  But these documents were not relevant to Plaintiff's layoff.  Mr. Broschinsky

15  was not managing Plaintiff's employment when she was selected for layoff.  He did not

16  contribute to the decision to lay her off.  His file and any text messages he exchanged with her a

17  year before her employment ended are not relevant nor are they likely to lead to any admissible

18  evidence.

19

20          Karen Riapos was Plaintiff's supervisor and involved in selecting her for layoff.  But

21

22

---

23  [1] In addition to those already been taken, Plaintiff is seeking five additional depositions (including a multi-topic CR
   30(b)(6) deposition).  *Kazaryan Decl.*, ¶5.  Brand has agreed to allow Plaintiff to take 12 depositions in this case

24  without additional motion practice.
   [2] In addition, Plaintiff's evidence demonstrates she enjoyed her period of unemployment and took her time finding a

25  new job: she bragged that she was not in a rush to find a job because of how easy it was for her to collect
   unemployment in the State of Washington and she told friends (in her text messages) that she enjoyed being (in her

26  words) a "trophy wife."  Kazaryan Decl., ¶9, Ex C.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 3
(CAUSE NO. 2:21-CV-00754 MLP)

Ms. Riapos does not have any text messages to produce. *Declaration of Karen Riapos In Opposition to Motion for Sanctions* ("*Riapos Decl.*"), ¶3.

In her deposition, Ms. Riapos mistakenly testified that she had not been asked to look for text messages and she did not look for any. *Riapos Decl.,* ¶2.   In fact, Ms. Riapos had been asked to look and she has looked many times for text messages. *Riapos Decl.*, ¶3.  She does not have any responsive text messages and she did not destroy any[3].  *Id.*  Ms. Riapos communicated with Plaintiff via email and verbally. *Riapos Decl.*, ¶3.  All of those emails have been produced.

Contrary to Plaintiff's representation in his Motion, Michelle Roman (who was not Plaintiff's supervisor and did not have reason to be texting her) did not testify that she <u>never</u> searched for text messages. *See Motion*, pg. 4.  Instead, Ms. Roman repeatedly testified that she <u>did</u> search for text messages.  *Deposition of Michelle Roman*, attached as Exhibit D to *Kazaryan Decl.*, ¶10 ("*Roman Depo.*"), 10:13-18, 11:1-12, 104:17-23.  She could not recall if she found any, but anything that she found she turned over to Brand's counsel. *Roman Depo.*, 10:13-18, 11:1-12, 104:17-23.  Similarly, Ryan Wilson testified that he did not have any text messages with Plaintiff or about Plaintiff.

Plaintiff did not produce any text messages with Michelle Roman, Karen Riapos, or Ryan Wilson. This is further evidence that the text messages do not exist and that Brand has none to produce. *Riapos Decl.*, ¶¶3-5.

Separately, despite its best efforts, Brand has been unable to locate a physical file that Mr. Broschinsky kept related to Plaintiff. *Riapos Decl.*, ¶6.  However, according to Mr.

---

[3] This is consistent with the fact that Plaintiff did not produce any text messages with Karen Riapos in her document production.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 4
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

Broschinsky, the file contained information that would have been <u>helpful to Brand's defense</u>: Mr. Broschinsky says his file contained documentation of Plaintiff's troublesome performance and communication issues during the time he supervised her (which was at least one year prior to Plaintiff's termination).

### C.  Plaintiff Seeks Three Separate Sanctions For Brand's Inadvertent Failure to Preserve

Despite the fact that the lack of preservation in this case was inadvertent, was limited, and is likely more prejudicial to Brand than it was to Plaintiff, Plaintiff seeks three separate, severe sanctions against Brand.

First, Plaintiff seeks an adverse inference jury instruction that "missing evidence would have supported Plaintiff's factual assertions," which (as set forth in greater detail below) is among the harshest sanctions a court can administer.  Such a broad, undefined inference is wholly unsupported by law and is not justified based upon the minute error.

Second, Plaintiff seeks an order preventing Brand from using *her* text messages that she produced in discovery. However, this creative sanction is not referenced in any case law.

Third, Plaintiff seeks an award of attorneys' fees and costs.  These are unwarranted based upon this minor and inconsequential discovery issue.

### III.   EVIDENCE RELIED UPON

This motion is based on the declaration of Karen Riapos, the declaration of Emma Kazaryan, and all corresponding exhibits.

### IV.   SANCTIONS ARE NOT WARRANTED AGAINST BRAND

A party seeking sanctions for spoliation of evidence of electronically stored information must proceed under Federal Rule of Civil Procedure 37(e).  FRCP 37(e) provides:

MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 5
(CAUSE NO. 2:21-CV-00754 MLP)

999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

87267178v.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

(e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and <u>it cannot be restored or replaced through additional discovery</u>, the court:

(1) <u>upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice</u>; or

(2) <u>only upon finding that the party acted with the intent to deprive another party of the information's use</u> in the litigation may:
(A) presume that the lost information was unfavorable to the party;
(B) instruct the jury that it may or must presume the information was unfavorable to the party; or
(C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37 (emphasis added).

Under Rule 37(e), the moving party must show: (1) the nonmoving party should have preserved the electronically stored information ("ESI") in anticipation or conduct of litigation, (2) the nonmoving party lost the ESI because it failed to take reasonable steps to preserve it, and (3) additional discovery cannot restore or replace the ESI. Fed. R. Civ. P. 37(e). *Belew-Nyquist v. Quincy Sch. Dist. No. 144*, No. 2:19-CV-0215-TOR, 2020 WL 6845934, at *10 (E.D. Wash. Nov. 20, 2020).

If the moving party satisfies all three elements, two kinds of sanctions are available. *Id.* First, <u>if the spoliation prejudiced the other party</u>, the Court may order measures no greater than necessary to cure the prejudice. *Id.* Second, <u>if the nonmoving party acted with intent to deprive the moving party of the ESI</u>, the Court may: (1) presume that the lost information was unfavorable to the party, (2) instruct the jury that it may or must presume the information was unfavorable to the party, or (3) dismiss the action or enter default judgment. *Id.*; *Musse v. King Cnty.*, No. C18-1736-JCC, 2021 WL 4709875, at *2 (W.D. Wash. Oct. 8, 2021)(explaining that a

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 6
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

87267178v.2

party alleging spoliation must prove: (1) that the allegedly spoliating party had a duty to preserve what was destroyed; (2) that party destroyed the information with a "culpable" mental state; and (3) the lost evidence was relevant to, and would support, the moving party's claim or defense); *Ski Lifts, Inc. v. Schaeffer Mfr.*, 2020 WL 1492676, slip op. at 4 (W.D. Wash. 2020).

### A.  Additional Discovery Can Replace The Lost ESI

Plaintiff here argues that Brand had a duty to preserve ESI after receiving a demand letter from her counsel.  She also argues that Brand lost ESI (Mr. Broschinsky's text messages) because of a failure to preserve that ESI.  Even assuming this were true, she cannot show that there is no other way to obtain that information as required by FRCP 37(e).  *See Belew-Nyquist*, *supra,* 2020 WL 6845934 at *11 (holding that a party claiming spoliation must show that "additional discovery cannot restore or replace the ESI").

In *Belew*, the court held that a party seeking communications allegedly made to prospective employers could seek direct testimony of those prospective employers.  *Id.*  The plaintiff's failure to take those depositions was fatal to the plaintiff's spoliation motion.

Similarly, here Plaintiff can (and did) take the deposition of Mr. Broschinsky.  This testimony could easily and more fully replace any text messages that might have been exchanged about her performance in 2018 and 2019.

### B.  Because Plaintiff Cannot Prove Prejudice Or An Intent To Deprive Plaintiff Of ESI, No Sanctions Are Warranted

If Plaintiff could meet the elements in FRCP 37(e), she might be entitled to a remedy "upon finding of prejudice…from loss of the information" but only what is necessary to cure the prejudice.  FRCP 37(e)(1).  Here, Plaintiff has not, and cannot establish any prejudice. It is notable that she fails to identify any prejudice in her moving papers.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 7
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

87267178v.2

Numerous federal courts have held that a party seeking spoliation sanctions must be able to demonstrate that the missing evidence would be unfavorable to the other party. *Reinsdorf*, 296 F.R.D. at 628 ("when the spoliating party was merely negligent, the innocent party must prove both relevance and prejudice in order to justify the imposition of a severe sanction."); *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 109 (2d Cir. 2002) ("the party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that "the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction."); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 221 (S.D.N.Y. 2003) ("In order to receive an adverse inference instruction, [plaintiff] must demonstrate not only that [defendant] destroyed relevant evidence…but also that the destroyed evidence would have been favorable to her.").

This rule is well-reasoned:

> No matter what level of culpability is found, any presumption is rebuttable and the spoliating party should have the opportunity to demonstrate that the innocent party has not been prejudiced by the absence of the missing information. If the spoliating party offers proof that there has been no prejudice, the innocent party, of course, may offer evidence to counter that proof. While requiring the innocent party to demonstrate the relevance of information that it can never review may seem unfair, **the party seeking relief has some obligation to make a showing of relevance and eventually prejudice, lest litigation become a "gotcha" game** rather than a full and fair opportunity to air the merits of a dispute. **If a presumption of relevance and prejudice were awarded to every party who can show that an adversary failed to produce any document, even if such failure is completely inadvertent, the incentive to find such error and capitalize on it would be overwhelming**. This would not be a good thing.

*Pension Comm. of Univ. of Montreal Pension Plan*, 685 F. Supp. 2d at 468 (emphasis added).

In the instant case, there is zero evidence that the documents that were not preserved would have been helpful to Plaintiff's claims. To the contrary, the uncontroverted evidence is that Mr. Broschinsky's file would have been helpful to Brand's defense.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 8
(CAUSE NO. 2:21-CV-00754 MLP)

87267178v.2

Further, with regard to the text messages, there no evidence that messages would have contained relevant information, much less information that is helpful to Plaintiff's claims. Plaintiff has not identified any text messages that she believes are missing or that she believes would be helpful to her case.  None of the witnesses testified that they sent texts about Plaintiff, her layoff, or any other matters relevant to this case.  Brand does not contend that any pertinent conversations took place via text message and has not otherwise tried to rely on alleged contents of missing text messages in support of its defense.

Plaintiff's motion for severe sanctions – sanctions that would drastically skew the balance of an otherwise weak claim in her favor – is precisely what the court cautioned against in *Pension Comm. of Univ. of Montreal Pension Plan*: a "gotcha."  There is no evidence of prejudice to Plaintiff and her request for severe sanctions should be denied.

Second, she cannot seek the extreme sanctions she does, because she cannot show that Brand "acted with the intent to deprive [her] of the information's use in litigation."  FRCP 37(e)(2).  Brand inadvertently failed to preserve the cell phone of Mr. Broschinsky when he left Brand's employment.  This was not done in bad faith or with the intent to deprive Plaintiff of any information[4].

### C.   Severe Spoliation Sanctions Should Not Be Levied Against Brand Since it Did Not Act With a Motive to Conceal Evidence.

Federal courts have recognized that, "[i]n an era where vast amounts of electronic information is available for review, discovery in certain cases has become increasingly complex and expensive." *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F.

---

[4] Mr. Broschinsky was not involved in Plaintiff's termination, he was not her supervisor, and he had not been accused of any misconduct with regard to Plaintiff.  There was certainly nothing to suggest that his cell phone or text messages were relevant to this litigation.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 9
(CAUSE NO. 2:21-CV-00754 MLP)

87267178v.2

Supp. 2d 456, 468 (S.D.N.Y. 2010) abrogated on other grounds by *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135 (2d Cir. 2012).  Accordingly, "[c]ourts cannot and do not expect that any party can meet a standard of perfection."  *Id.*  To the contrary, courts have held that "[i]t is improper to infer nefarious intent or bad faith" from "ordinary discovery errors." *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013) quoting *PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnership*, 187 F.3d 988, 993 (8th Cir. 1999).

Even with regard to Mr. Broschinsky's hard-copy manager file, "a party's motive or degree of fault in [failing to preserve] evidence is relevant to what sanction, if any, is imposed." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1066–67 (N.D. Cal. 2006) citing *Baliotis v. McNeil*, 870 F.Supp. 1285, 1291 (M.D.Pa. 1994) and *Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76, 79 (3rd Cir. 1994).

Further, it is axiomatic that when deciding a spoliation motion, courts should choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered…"  *Schmid v.*, 13 F.3d at 79;  see also *In re Napster, Inc.*, 462 F. Supp. 2d ("Given the standard of applying the least onerous effective sanction…").

An adverse inference is a severe sanction: it is "among the most severe sanctions a court can administer."  *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F.Supp.2d 598, 619 (S.D.Tex. 2010).  Courts have held that an adverse inference should not be "imposed casually." *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 994 (N.D. Cal. 2012).  To the contrary, adverse inferences "are considered drastic, and courts generally try to avoid imposing them when lesser sanctions are available."  *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 340 (M.D. La. 2006).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 10
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

Likewise, "[e]xclusion of evidence…is a severe sanction and is often inappropriate unless the failure to disclose or supplement is in bad faith..." *Scott v. IBM Corp.*, 196 F.R.D. 233, 247 (D.N.J. 2000), as amended (Nov. 29, 2000) citing *In re TMI Litig.*, 193 F.3d 613, 721–22 (3d Cir.1999) (recognizing that exclusion of evidence is an "extreme sanction"); see also *ABB Air Preheater, Inc. v. Regenerative Env't Equip. Co.*, 167 F.R.D. 668, 671 (D.N.J. 1996) ('The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony."); *In re Indep. Serv. Organizations Antitrust Litig.*, 168 F.R.D. 651, 653 (D. Kan. 1996) ("Exclusion of evidence is a severe sanction because it implicates due process concerns.").

With regard to any documents that are not ESI, the Court should reject Plaintiff's demand for severe sanctions (including one that, as set forth in greater detail below, has no basis in law) because Brand did not act in bad faith or with a motive to conceal evidence. In fact, the opposite is true: Brand has cooperated with extensive discovery and has undertaken the effort and expense of producing tens of thousands of documents, an outlay that is grossly disproportionate to the needs. For the court to award Plaintiff severe sanctions against Brand just because it fell short of an impossible "standard of perfection" would be unjust and inconsistent with the case law. *Pension Comm. of Univ. of Montreal Pension Plan*, 685 F. Supp. 2d at 468.

> **D.     There is No Legal Basis for Excluding Plaintiff's Text Messages as a Sanction.**

Plaintiff seeks a sanction in the form of an order preventing Brand from using *her* text messages that she produced in discovery. Plaintiff does not cite any authority in support of her request for this sanction and Brand's counsel is not aware of any.

It is not hard to see why Plaintiff wants these messages excluded: her own text messages

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 11
(CAUSE NO. 2:21-CV-00754 MLP)

1  undercut the sincerity of her discrimination claims, paint an unflattering picture of her true

2  motivations for bringing this lawsuit, and are fatal to her damages claims.  However, excluding

3  Plaintiff's text messages would not be a sanction grounded in law, would not be just, and would

4  hinder the resolution of this case on the merits.

5

6                              **V.      CONCLUSION**

7          In the course of discovery, Plaintiff has deposed numerous witnesses and reviewed tens

8  of thousands of pages of documents.  She has come to realize she will not prevail on the merits

9  her claims and has shifted her focus to "finding error" in Brand's voluminous document

10  production and trying to capitalize on it.  *Pension Comm. of Univ. of Montreal Pension Plan*, 685

11  F. Supp. 2d at 468.  The Court should not reward Plaintiff by awarding her severe sanctions

12  against Brand.

13          Respectfully submitted this 3rd day of October, 2022.

14

15                              SEYFARTH SHAW LLP

16

17

18          By: */s/  Helen M. McFarland*
                 Helen M. McFarland, WSBA No. 51012
19               Emma Kazaryan, WSBA No. 49885
                 999 3rd Avenue, Ste. 4700
20               Seattle, WA 98104
                 P: (206) 946-9423
21               F: (206) 299-9974
                 hmcfarland@seyfarth.com
22               ekazaryan@seyfarth.com
                 *Attorneys for Defendant Brand Shared*
23               *Services, LLC*

24

25

26

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 12
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

87267178v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I hereby declare that on this 3rd day of October, 2021, I caused a copy of ***Defendant***

***Brand Shared Services, LLC's Response in Opposition to Plaintiff's Motion for Sanctions*** to

be electronically filed with the Court using ECF-Filing system which will send notification of

such filing to the following:

Alexander J. Higgins
Law Offices of Alex J. Higgins
2200 6th Avenue, Ste. 500
Seattle, WA 98121
P: (206) 340-4856
alex@alexjhiggins.com

Cody Fenton- Robertson
Bean Law Group
2200 6th Avenue, Ste. 500
Seattle, WA 98121
P: (206) 5220618
cody@beanlawgroup.com

*s/ Valerie Macan*
Valerie Macan

DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE - 13
(CAUSE NO. 2:21-CV-00754 MLP)

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

87267178v.2