The Honorable Michelle L. Peterson
Noted for Friday, October 7, 2022
Set for Oral Argument on October 18, 2022, 1:00 PM

**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| NANNETTE BASA, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>BRAND SHARED SERVICES, LLC, a Delaware corporation,<br><br>        Defendant. | No. 2:21-cv-00754-MLP<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**<br><br>**NOTED FOR CONSIDERATION: Friday, October 7, 2022** |

### I.    SUMMARY OF REPLY

Because of this Motion, Defendant finally produced an adequate privilege log. The new privilege log refers to a "Corporate RIF Worksheet," authored by Michelle Roman—one of the decisionmakers regarding the selection of Plaintiff for layoff. A year ago, Plaintiff sent a discovery request asking for documents relating to the layoff process. No documents about that process were produced. This Worksheet appears to be the *only* document relating to Defendant's decision-making process. That document was primarily created for business purposes and, the evidence suggests, that any legal review was secondary. A privilege attaches to a "dual purpose" document only where the primary purpose is to obtain legal advice. Even if the Court finds that the document is privileged, Defendant waived privilege on this single document because of its grossly untimely production of an adequate privilege log.

REPLY IN SUPPORT OF MOTION TO COMPEL - 1
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

## II.     FACTUAL BACKGROUND RELATING TO REPLY.

In October 2021, Plaintiff sent its first discovery requests seeking limited information. (Higgins Decl. ¶ 2.)[1]  Foremost, Plaintiff asked for documents relating to Brand's "process for determining which employees were retained and which were laid off during reductions in force".  (Higgins Ex. 1 (Rog No. 4 and RFP No. 4).)  Brand produced no documents about that process.  (Supp. Higgins Decl. ¶ 7.)  In depositions, Plaintiff's counsel explored that further and found that no notes or documentations justifying Plaintiff's layoff were created.  This was extremely surprising given that Plaintiff worked for experienced HR professionals who are trained on the importance of documenting decisions.  (Riapos Dep. 13:22-14:6.)[2]

Michelle Roman, another HR Director, testified during her September 7 deposition that layoff selections were approved by Meg Newman (Chief People Officer/head of all of HR), and that she met with Newman to discuss the reasons for the selections.  (Roman Dep. 85:12-23.)[3]  She said the layoff selections were also approved by Brand's in-house counsel.  (Roman Dep. 84:18-23.)  Interestingly, when asked about documentation, Roman did not testify about the existence of any worksheet that she had created.  (Supp. Higgins Decl. ¶ 8.). Since no privilege log had been provided by Defendant, Plaintiff did not know to explore the creation of the Worksheet at issue here.

Plaintiff repeatedly asked for a privilege log with an increased emphasis on August 28. (Higgins Decl. ¶ 4, Ex. 2.)  Finally, at the end of the day on Friday, September 9, with only three weeks remaining before the discovery cutoff, Defendant produced a one-page privilege log that provided no detail.  In pertinent part, the privilege log stated:

> December 4, 2020.  Corporate RIF Worksheet prepared by Brand employee(s) in anticipation of discussion with Brand in-house counsel regarding reduction-in-force.

---

[1] Previously filed at Dkt. 33.
[2] Excerpts of depositions are attached as Supp. Higgins Ex. 5 (Riapos) and Supp. Higgins Ex. 6 (Roman).
[3] Roman did not recall if any notes were taken when determining who would be selected for layoff. (84:11-13.)

REPLY IN SUPPORT OF MOTION TO COMPEL - 2
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

(Higgins Ex. 3.)

Plaintiff's counsel responded the following Monday that the log was inadequate and asked for more detail. (Higgins Ex. 4.) Defense counsel did not respond. (*Id*.) After a week, another reminder was sent to defense counsel. (Higgins Ex. 4.) Defense counsel again ignored the request. (Higgins Decl. ¶ 5.)

Following Brand's silence after repeated inquiries, Plaintiff filed this motion on September 22, 2022. Because of this Motion, Brand quickly revised its privilege log and sent more detail. The new log revealed for the <u>first time</u> that the worksheet was created by Michelle Roman. (Supp. Higgins Decl. ¶ 9.) Given Roman's deposition testimony, it appears that she created the document to get approval from Newman—a non-lawyer. While it is possible that she also gave that Worksheet to an in-house lawyer to review also, there is no evidence of any transmission of that document to a lawyer. (*Id*.) (During the discovery conference on October 3, when asked how the document was transmitted, Brand's counsel said it was "hand delivered" to the in-house counsel.) (*Id*.) Interestingly, the privilege log does not show any written response or advice conveyed by the lawyer about the Worksheet.

### III.     LEGAL AUTHORITIES AND ARGUMENT.

Communications about business decisions and advice about business decisions (even with in-house counsel) are not shielded by the attorney-client privilege. Where the purpose of a communication is to obtain business advice/approval and legal advice, that "dual purpose" communication is only protected if <u>primarily</u> created for the purpose of giving or receiving <u>legal</u> advice. *See generally*, *United States v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011) (discussing dual-purpose documents).[4]

Plaintiff believes that this Worksheet was used by Roman to discuss the business justifications for layoff with Newman—the head of HR. Brand has not produced any other documents whatsoever to explain the business case for selecting Plaintiff for layoff. (Supp.

---

[4] Plaintiff more thoroughly briefs the "dual purpose" doctrine in her motion, Dkt. 32, at page 5.

REPLY IN SUPPORT OF MOTION TO COMPEL - 3
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856

Higgins Decl. ¶ 7.)  The same Worksheet may have been provided to in-house counsel for a secondary (and perhaps cursory) legal review, there is no ancillary evidence to suggest that.  The privilege log does not show any communication to the lawyer. Nor does the log show any from the lawyer about their advice.  So what was the *primary* purpose of the document?  It seems unlikely that its primary purpose was to obtain legal advice; therefore, it is not privileged and should be produced.

Moreover, even if privileged, Brand has waived privilege by its untimely production of a privilege log.  If Brand had given Plaintiff a privilege log in a timely manner—prior to Roman's deposition—she could have been questioned about the purpose of this "Corporate RIF Worksheet." (Supp. Higgins Decl. ¶ 10.)  Plaintiff has been prejudiced by the untimely production of the privilege log.  The privilege should be deemed waived by this failure.

In deciding this Motion, Plaintiff asks the Court to take into account the other discovery abuses, such as spoliation, committed by Defendant in this case.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff seeks an Order waiving the privilege regarding the Corporate RIF Worksheet.

DATED this *7th* day of October, 2022.

LAW OFFICES OF ALEX J. HIGGINS

*s/Alex J. Higgins*
Alex J. Higgins, WSBA No. 20868


BEAN LAW GROUP

*s/Cody Fenton-Robertson*
Cody Fenton-Robertson, WSBA No. 47879
2200 6th Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

REPLY IN SUPPORT OF MOTION TO COMPEL - 4
(No. 2:21-cv-00754)

Law Offices of Alex J. Higgins
Denny Building, Suite 500
2200 Sixth Avenue
Seattle, WA 98121
(206) 340-4856